J. E. THROCKMORTON ET AL., PLAINTIFFS IN ERROR, V. THE STATE, EX REL. ERNEST G. HEILMAN, DEFENDANT IN ERROR.

1. **Roads:** ESTABLISHMENT: MANDAMUS. An elector residing within five miles of a proposed road, has an interest in the establishing, laying out, opening, and working the same, independent of that which he has in common with the public at large, sufficient to enable him to maintain an action by mandamus to enforce an ascertained duty in respect thereto by a public board or officer.

2. ———: ———: ———. A mandamus will not issue to a county board to cause a section line to be opened and worked as a public road unless it has been judicially ascertained and decided by said board under existing facts and conditions that the public good requires it.

ERROR to the district court for Madison county. Heard below before CRAWFORD, J.

*William V. Allen* and *John S. Robinson,* for plaintiffs in error.

*H. C. Brome,* for defendant in error.

COBB, J.

. This case arises upon a petition to the district court of Madison county for a peremptory writ of mandamus against the defendants, who then constituted the board of county commissioners of said county, commanding them to cause a certain section line road in said county to be opened and worked in the same manner as other public roads.

As the case was decided on demurrer to the petition, I here copy it at length:

" Your petitioner complains of the defendants for that the county of Madison now is, and for more than ten years last past has been, a political subdivision of the state of Nebraska, duly organized as a county under the laws thereof.

" The defendants, J. E. Throckmorton, Charles Olson, and Charles B. Burrows, now are, and ever since the 6th day of January, 1886, have been, the duly elected, qualified, and acting board of county commissioners of said Madison county; the said J. E. Throckmorton being chairman, and the said Charles Olson and Charles B. Burrows being members of said board of county commissioners.

" Your petitioner is, and for more than five years last past has been, a resident, elector, and taxpayer of said Madison county, Nebraska, and does now, and at all the time hereinafter mentioned has, resided within five miles of the proposed public road hereinafter referred to:

" The section line commencing at the north-east corner of section thirty-six, township twenty-four, range one west of the sixth principal meridian, in Madison county, Ne-

braska, running thence west on the section line between section twenty-five and section thirty-six, to a point on said section line where said section line is intersected by the existing public road in said Madison county, has not hitherto been opened and worked as a public road.

" The public good does now require, and at all the times hereinafter mentioned has required that said section line should be opened and worked in the same manner as other public roads.

" On the — day of January, 1886, there was filed with the county clerk of said Madison county, a petition in writing reciting the aforesaid fact that the public good required that said section line should be opened and worked in the same manner as other public roads, and praying the said board to open said road and cause the same to be worked as other public roads. Said petition being signed by ten electors of said Madison county, all of whom resided within five miles of said proposed road.

That said petition having been brought to the attention of said board of county commissioners, and the same being on file before said board, action thereon was deferred from time to time until the — day of April, 1886, at a regular session of said board held in the manner provided by law at Madison, the county seat of Madison county, for the consideration of general business of said board. Whereupon in the matter of said petition, and upon a hearing had thereon by said board of county commissioners, it was ordered that the several signers upon said petition be required to pay to the treasurer of said Madison county, on or before the first day of June, 1886, the sum of one hundred and twenty-five dollars, being the damages claimed to be sustained by reason of opening of said road by third persons, property owners, who had filed their claims for damages, which were allowed by the defendants as such board of county commissioners, then and in that event the said petition should be granted, and the

said section line should be opened and worked in the same manner as other public roads; but if said sum of money was not paid to the said treasurer on or before said date, then said petition should be denied, and said section line should not be opened and worked as a public road. The aforesaid order and decision of said board of county commissioners in the matter of opening said section line being entered upon the journal of said board of county commissioners, on said — day of April, 1886, in the words and figures following, to-wit:

"On motion of petitioners for road commencing on north-east corner of sec. 36, t. 24, r. 1, sixth principal meridian, Madison county, Nebraska, running thence west to the intersection of the present public road, pay all claims for damages for such road by the 1st of June, 1886, the petition will be granted; if not, rejected.

"That by law it was and is the duty of said board of county commissioners to cause said section line to be opened and worked in the same manner as other public roads. Yet the said board of county commissioners disregarded their duty in the premises, and in violation of the rights of your petitioner and others, electors and taxpayers of said county, interested in the opening of said section line, did on the — day of April, 1886, refuse, and do now refuse to open said section line, and cause the same to be worked as a public road; and did then and do now refuse to make any other or different order in the premises than the said order so as aforesaid made and entered upon the journal of said board of county commissioners on the said — day of April, 1886.

"That your petitioner is entirely without remedy in the premises, except relief be afforded by the interposition of this honorable court.

"Wherefore your petitioner prays that a writ of mandamus may issue, commanding said defendants, the board of county commissioners of said Madison county, at their

next meeting held after the service of said writ, by an order entered of record upon the journal of said board of county commissioners, to cause said section line to be opened and worked in the same manner as other public roads."

The defendants demurred to the petition. The following is a copy of the demurrer:

" And now come the said defendants and demur to the petition of the plaintiff, and assign the following grounds thereof:

" 1. Because plaintiff has not legal capacity to sue.

" 2. Because there is a defect of parties plaintiff.

" 3. Because the petition does not state facts sufficient to constitute a cause of action.

" 4. Because the plaintiff has not sufficient interest in the subject matter of this case to maintain this action.

" 5. Because the statute gives the defendants power to establish the highway in question conditionally, and having done so the court cannot control such discretion by the writ of mandamus.

" 6. Because the power to establish, open and lay out a highway is a judicial power, and cannot be controlled by the writ of mandamus.

" 7. Because the petition shows the defendants have exhausted the powers invested in them by the statute.

The district court overruled the demurrer, and the defendants electing to stand upon the same, the writ was awarded and issued as prayed. Whereupon the cause is brought to this court on error by the defendants, who assign the following errors:

" 1. The district court erred in entering judgment overruling the demurrer of the plaintiffs in error to the said petition of the defendant in error in this case, and in overruling each and every assignment of said demurrer, to which the plaintiffs in error at the time duly excepted.

" 2. The district court erred in entering judgment in

this case, granting and awarding a writ of mandamus against the plaintiffs in error, to which plaintiffs in error at the time duly excepted."

The two errors assigned will be considered together.

The first point insisted upon by plaintiffs in error in their brief is, that the plaintiff or relator does not show such an interest in the subject matter in controversy as to enable him to maintain this action.

In the matter of opening a highway I do not think that a citizen of the county simply as such, has such an interest as is necessary to maintain an action by mandamus. He must have an interest in the road distinguishable from that of the whole body of the citizens of the county. But that interest may, and in almost all cases must, be held in common with many others. The statute recognizes such interest in all persons residing within five miles of the line of the proposed road. The provision is as follows:

"Sec. 4.   Any person desiring the establishment, vacation, or alteration of a public road shall file in the clerk's office of the proper county a petition signed by at least ten electors residing within five miles of the road proposed to be established or vacated, in substance as follows," etc. Comp. Stats., Ch. 78.

I think the relator brings himself within the rule requiring him to show in himself a specific legal right aside from the rights of citizens at large of the county. To do this it was only necessary to declare that he is a citizen of the county residing within five miles of the line of the proposed road. This he has done.

The next point is that the issuance of the writ of mandamus is an attempt on the part of the district court to control the judicial discretion of the board of county commissioners. The rule is correctly stated in Judge MAXWELL's work on Pleading and Practice, cited by counsel for respondents, in the following language: " Where an inferior tribunal has a discretion, the writ will not be granted

to control the discretion of such tribunal; but if it refuse to act, mandamus will lie to compel it to exercise its discretion."

The provision of law specially applicable to section line roads is as follows:

" Sec. 46. The section lines are hereby declared to be public roads in each county in this state, and the county board of such county may, whenever the public good requires it, open such roads without any preliminary survey, and cause the same to be worked in the same manner as other public roads; *Provided*, That any damages claimed by reason of the opening of any such road shall be appraised and allowed as nearly as practicable, in manner hereinbefore provided. *And provided further*, That the county board, before opening such section line road, shall direct the county surveyor to perpetuate the existing government corners along such line, by planting monuments of some durable material with suitable witnesses wherever practicable, and make a record of the same." Comp. Stat., Ch. 78.

I think that the above section makes it a matter of judicial discretion to cause any section line to be opened and worked as a public road whether the same is petitioned for or not. Counsel for the relator, in his brief, in effect contends that upon the facts as set out in the petition, for none other are before the court, the county board had exercised its discretion and decided upon the existing facts that the public good required the opening of such road, and he contends that it thereupon became their duty to order it opened, without conditions. I cannot so read the allegations of the petition. But taking the facts altogether they amount to a refusal by the board upon the facts then existing to order the opening. Had the money been paid in, as required, a question might have been made by the land owners whether such conditional order was sufficient authority for opening the road. I pass no opinion upon that ques-

tion; but before the board will be compelled by mandamus to order and cause the said road to be opened, they must in the exercise of their judicial discretion have found upon the existing facts and conditions "that the public good requires it."

I conclude therefore that the writ was erroneously issued.

The judgment of the district court in overruling the demurrer and awarding the writ of mandamus is reversed, the demurrer sustained, and the cause dismissed.

JUDGMENT ACCORDINGLY.

MAXWELL, CH. J., concurs.

REESE, J., being related to one of the parties, did not sit, and took no part in the decision.