Beatty v. Beethe.

HANNAH M. BEATTY AND CHARLES H. HALSTEAD, APPELLEES, V. CHARLES H. BEETHE ET AL., APPELLANTS.

1. **Roads:** OPENING: NOTICE. In an application to the board of county commissioners for the establishment or opening of a new public road, under the law as it existed in 1881, the giving of the notice in the manner required by section 18 of chapter 87 of the Compiled Statutes of 1881, was an essential prerequisite to be complied with before the board could acquire any jurisdiction over the subject-matter of the location or opening of such new road.

2. ———: ———: ———. In such case where a notice was given, but which failed to fix a time within which objections to such road might be presented, it was *Held*, That the board did not acquire jurisdiction, in the absence of an appearance by the parties to be affected by the location or opening of such new road.

APPEAL by defendants from a decree rendered in Johnson county district court, BROADY, J., presiding, perpetually enjoining them from the opening of a public road between sections 20 and 29, in township 5, range 11 east, in said county.

*D. P. Henry*, for appellants, cited: Maxwell's Pl. and Pr., 551. High Injunctions, Sec. 394. *Nichols v. Salem*, 14 Gray, 490. *New Albany, etc., R. Co. v. Connelly*, 7 Ind., 32. *Throckmorton v. State*, 20 Neb., 653. *Tigard v. Moffitt*, 13 Id., 565. *Hopkins v. Keller*, 16 Id., 571.

*S. P. Davidson*, for appellee, cited: Comp. Stat., 1881, Secs. 19 and 26, Ch. 78. Comp. Stat., 1887, Sec. 19, Ch. 78.

REESE, CH. J.

This is a suit to enjoin defendants from opening a public road on a section line in Johnson county. It is alleged

in the petition that no notice was given of the proposed action of the county board in opening the road, and, in substance, that the proceedings to open the road were void. It is insisted, upon the part of appellants, that the petition does not state facts sufficient to constitute a cause of action, or entitle them to the relief prayed for. Upon an examination of the petition we do not think this objection can be sustained. It is alleged that no notice of the action of the board was given, of the time within which interested parties could file objections to the location of the proposed road, as is required by law; and that the plaintiffs are the owners of the land over which the proposed road will run, if opened. It is also alleged that no provision has been made for the payment of these damages, and that the location of the road will be an injury to them. It is true it is not alleged, in direct terms, that they will suffer an irreparable injury if the road is opened; yet we think the law is well settled that private property shall not be taken for public use, except in the manner provided by law; and if it is sought to exercise the right of eminent domain, the statutory provision must be followed, or the proceedings will be void and injunction will lie. This objection to the petition was urged in the district court, but it was overruled and a trial had which resulted in a decree in favor of plaintiffs, making the temporary injunction perpetual. Defendants appeal.

As we view the case, it is necessary to examine but one question involved, and that is as to the jurisdiction of the county board to order the opening of the road.

A petition was filed, a commissioner appointed, and he made his report in favor of the proposed road. The county clerk then sought to issue the notice required by section 18 of chapter 78 of the Compiled Statutes of 1881, the law as it existed at that time. The section referred to required notice to be published to the effect (among other things) that objections to the location of the road should

be filed by noon of a day to be named in the notice, or the road would be located without reference thereto. A notice was issued by the clerk and publication was made, but the notice contained no reference to a time within which objections could be filed, or that objections could be filed at any time. This was necessary, not only by the plain provision of the statute (the form of notice being given in the section), but by section 26 of the same chapter, it is provided that such objections must be considered by the board, before making the final order for the location of the road. The notice was jurisdictional, and when it is shown by the record that it did not comply with the law in an essential element, the necessary jurisdiction or authority to make the final order did not exist, and plaintiffs nor their grantors having appeared in the proceeding, they are not bound by it. *Robinson v. Mathwick*, 5 Neb., 252. *Doody v. Vaughn*, 7 Id., 28.

The decree of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.