ABSALOM HENRY, APPELLEE, v. WILLIAM E. WARD ET AL., APPELLANTS.

FILED OCTOBER 7, 1896.    No. 6818.

1. **Trial**: BURDEN OF PROOF: HIGHWAYS: INJUNCTION. Generally the burden of proving an issue lies on the party holding the affirmative. Therefore, in an action to restrain county commissioners from removing plaintiff's fences from land claimed by the commissioners to be a highway, the plaintiff alleging that no highway existed and the defendants alleging that there was a lawfully opened road at the point, the burden was on the defendants to establish the existence of the highway.

2. **Highways**: SECTION LINES: DAMAGES. Under the present law (Compiled Statutes, ch. 78; Session Laws, 1879, p. 120), all section lines are declared to be public roads, but they cannot be opened as such, nor can lands be appropriated therefor, until the steps provided by statute have been taken for opening such roads and ascertaining the damages.

3. ———: ———: STATUTES. The operation of the act of 1873, making section lines in certain counties public highways, was so far modi-

fied by the act of 1879 that section lines not used as roads for five years before the passage of the latter act cannot be opened as such without complying with the requirements of the act of 1879.

4. **Statutes: TITLES: AMENDMENTS.** Where an act has been passed complete in itself, the legislature may, under the title of an act to amend such act, substitute another law of similar complete character, and, so long as its provisions are germane to the title and subject of the act amended, it may be valid, although it may operate incidentally to modify other statutes.

APPEAL from the district court of Dawson county. Heard below before HOLCOMB, J.

*E. A. Cook,* for appellants.

*G. W. Fox* and *C. W. McNamar, contra.*

IRVINE, C.

This was an action by Henry, the object of which was to restrain the defendants, the county commissioners and certain road supervisors of Dawson county, from removing fences of the plaintiff along section lines. The issue presented and tried was as to whether or not a public highway existed which was obstructed by plaintiff's fences. There was a general finding for the plaintiff, and an injunction as prayed, and the defendants appeal.

It is admitted by the appellants that the evidence was sufficient to sustain the finding for the plaintiff in so far as there was any claim of a highway by prescription. An inspection of the answer renders it very doubtful whether the defendants claimed a right by dedication. If so, the evidence amply warranted a finding against them on such an issue. The only remaining question, therefore, is whether or not there was an otherwise lawfully opened highway obstructed by the plaintiff's fences. All the evidence introduced went to the question of user. The plaintiff, in his petition, denied the existence of a highway at the point in dispute. The answer denied this averment of the petition, and further pleaded the existence of a highway under the act approved February 24,

1873 (General Statutes, 1873, p. 959). The burden of proof was not upon the plaintiff to establish the negative of the issue thus presented, to-wit, the establishment and opening of a legal highway, and the evidence fails to prove the affirmative of the issue, unless a highway exists by operation of the general law.

Section 46, chapter 78, Compiled Statutes, being a portion of the road law of 1879 (Session Laws, 1879, p. 120), provides as follows: "The section lines are hereby declared to be public roads in each county in this state, and the county board of such county may, whenever the public good requires it, open such roads without any preliminary survey and cause them to be worked in the same manner as other public roads; *Provided*, That any damages claimed by reason of the opening of such roads shall be appraised and allowed, as nearly as practicable, in manner hereinbefore provided; *And provided further*, That the county board, before opening such section line road, shall direct the county surveyor to perpetuate the existing government corners along such line, by planting monuments of some durable material, with suitable witnesses whenever practicable, and make a record of the same." It is no longer open to controversy that this section does not itself operate as an opening of section lines as roads. Whether or not any such road shall be opened rests in the discretion of the board of county commissioners, the question for them to determine being whether or not the public good requires the opening of the road. (*Throckmorton v. State*, 20 Neb., 647.) The owners of land along the route of such road are also protected in their constitutional rights of compensation for land taken or damaged in the opening of such road (*Rose v. Washington County*, 42 Neb., 1; *Oyler v. Ross*, 48 Neb., 211); and in proceeding to open section line roads the statute must be complied with as to giving notice. (*Beatty v. Beethe*, 23 Neb., 210.) The statute merely locates roads along section lines; and it not being shown that any of the necessary steps were taken for opening the road in ques-

tion, no right can be claimed by the defendants under the act of 1879.

It is, however, claimed that the road was established and opened by virtue of the act of 1873 referred to in the answer. The road law existing prior to 1873 appears as chapter 47 of the Revised Statutes of 1866. In 1867 there was passed an act (Session Laws, 1867, p. 45) providing, among other things, that all roads located in compliance with the laws of this state are declared open roads, and the road supervisors shall proceed to remove all obstacles from the same within six months from the passage of the act. The act of 1873 provided that "section lines be and are hereby declared to be public roads and highways" in certain counties named. By the second section of the act it is made unlawful, where lands have been unimproved and unenclosed, to enclose the same without leaving a space of two rods' width on each side of the section line. By the third section "no road hereby · established shall be opened until damages shall have been assessed where the same are claimed; *Provided, however*, That application for damages shall be made within ninety days from the passage of this act." The fifth section provides for the vacation of a section line road wherever any portion of the section line "shall be impracticable." By an act of 1875 (Session Laws, 1875, p. 114, sec. 1) "all roads or parts of roads located and established in this state, except such as are located on section lines, that shall not be worked or traveled for a period of six years from the location of said road or roads, the same shall be and are hereby declared vacated." In 1879 there was passed (Session Laws, 1879, p. 120) "An act to amend chapter 47 of the Revised Statutes of 1866, entitled 'Roads.'" This is our present road law, and contains section 46 above quoted. The argument on behalf of defendant is that this act did not operate to repeal the acts of 1873 and 1875, and did not vacate any roads established under the act of 1873, notwithstanding section 3 of that act, which provides that "all roads within the state which have been

laid out in pursuance of any law of this state or of the territory of Nebraska, and which have not been vacated in pursuance of the law, are hereby declared to be public roads; *Provided,* That all roads that have not been used within five years shall be deemed vacated." The evidence is undisputed that this road was not used prior to 1884. We need not closely inquire whether the effect of the acts of 1867 and 1873 referred to was to open all located roads and make them existing open roads, in legal effect, irrespective of user. It may well be doubted whether it was within the power of the legislature, by a declaration of such a character, to condemn private property without compensation unless claims were made for damages within ninety days, according to the act of 1873. We think this earlier legislation, whatever may have been its effect, was superseded by the act of 1879. It is true that the act of 1879 was in form and in title an act to amend chapter 47 of the Revised Statutes of 1866, and did not contain or repeal the acts of 1867 or of 1873. Nor did it in terms repeal the act of 1875, which vacated all roads except section line roads for non-user. But chapter 47 of the Revised Statutes of 1866 was a general statute, covering the whole subject of roads and embracing all the legislation then existing. Under the title of an act to amend that chapter, it was therefore competent for the legislature to include any subject germane to the provisions of the act amended; that is, relating to the general subject of location, opening, maintenance, and vacation of highways within the state. The act of 1879 repeated in the same terms a large portion of chapter 47, Revised Statutes, and it formed a complete law by itself on the subject of highways. The object of section 3 was to remove all uncertainty as to the existence of highways, first, by continuing in existence all theretofore legally laid out and not vacated; and second, by vacating all such highways as had not been used within five years. This road had not been used within five years, and therefore fell within the terms of the proviso of section 3.

Section 40 then re-established all section lines in the state as public highways, with special provisions for opening them and assessing damages.   We hold that the effect of the act of 1879 was, therefore, to modify the operation of the acts of 1873 and 1875 in such a way that section line roads, as well as others, which had not been used for five years prior to the passage of the act should thereby become vacated, and to establish, or rather locate, as potential roads all the section lines of the state.   But before any such section lines, not remaining established roads by virtue of the old law and user, could be opened, or the land appropriated for highway purposes, the requirements of the act of 1879 must be complied with.   It follows that the judgment of the district court was right.

AFFIRMED.