VOL. 54]        JANUARY TERM, 1898.            443

Linton v. Cooper.    Howard v. Board of Supervisors of Clay County.

PHŒBE R. E. E. LINTON v. JOHN W. COOPER ET AL.

FILED APRIL. 8, 1898.   No. 7963.

EZRA E. HOWARD ET AL. v. BOARD OF SUPERVISORS OF CLAY COUNTY.

54  443
Case 2
62  254

FILED APRIL 8, 1898.   No. 7903.

1. Highways: DECISION OF COUNTY BOARD: REVIEW.   The propriety or necessity of opening and working a section-line road is committed to the discretion of the county board, and its decision is not subject to review.

2. Eminent Domain: CONSTITUTIONAL LAW.   Property is not taken for a public use without due process of law when an opportunity is afforded the owner to have his damages ascertained by adequate and appropriate judicial proceedings, and provision is made for the payment of the amount thereof prior to the time the property is taken.

3. **Statutes: TITLES: SECTION-LINE ROADS.** Section 46, chapter 78, Compiled Statutes, is embraced within the title of the act of which it forms a part, and is valid, although said section may operate incidentally to modify other laws.

4. **Highways: DAMAGES: INSTRUCTIONS.** Where land has been appropriated for a public highway, an instruction which directs the jury to allow the owner full compensation for land actually taken and such damages to the residue of the tract as are equivalent to the diminution of the value thereof is not unfavorable to him.

5. **Instructions: REPETITIONS.** A cause will not be reversed for the refusal of a proper instruction where an instruction fully as favorable to the complaining party covering the same point has been given by the court on its own motion.

6. **Highways: DAMAGES: CONFLICTING EVIDENCE: REVIEW.** Where there is a conflict in the evidence as to the amount of damages sustained by a land-owner by reason of the appropriation of his land for a public road, this court will not interfere with the verdict on the ground that the damages awarded by the jury are inadequate.

ERROR from the district court of Clay county. Tried below before HASTINGS, J. *Affirmed.*

*S. W. Christy,* for plaintiffs in error.

*A. C. Epperson* and *William M. Clark, contra.*

NORVAL, J.

A petition was presented to the county board of Clay county praying the opening of a section-line road between sections 26 and 35, in township 5, range 6 west, and over and across the lands of Ezra E. Howard and Irenus V. Howard. The Howards filed with the county clerk of said county a remonstrance against the opening of the highway, upon various grounds, and set forth therein a claim for damages in the sum of $1,500. A suit in equity was subsequently brought by them in the district court to enjoin the county clerk and board of supervisors from opening the said section line as a public road. A demurrer to the petition was sustained, and the cause dismissed. An appeal was prosecuted to this court, which resulted in an affirmance of the judgment of the district court.

(*Howard v. Brown*, 37 Neb. 902.) Subsequently the county board, upon the hearing of the evidence adduced, made a finding, which was entered on the record of its proceedings, that the public good demands and requires the opening of said section-line road, and the same was ordered to be opened. The damages of the remonstrators were allowed at $170, and they prosecuted an appeal to the district court, where the jury assessed their damages at the sum of $315.

In the court below the Howards filed a petition setting forth therein, in addition to their claim for compensation, various grounds why the highway should not be opened. All averments presenting the question of the necessity and expediency of the establishment of the road were by the court, on motion of the county attorney, stricken from the pleading, which ruling is now assailed. It is asserted that plaintiffs had the right to appeal from the decision of the board ordering the opening of the road and have the jury determine whether the public good demanded such step to be taken. This position is unwarranted. By section 46, chapter 78, Compiled Statutes, it is provided: "The section lines are hereby declared to be public roads in each county in this state, and the county board of such county may, whenever the public good requires it, open such roads without any preliminary survey, and cause them to be worked in the same manner as other public roads; *Provided*, That any damages claimed by reason of the opening of any such road shall be appraised and allowed, as nearly as practicable, in manner hereinbefore provided." By this section the legislature has located potential roads on all section lines of the state, and vested exclusive discretion in county boards to cause the same to be opened and worked as public highways, whenever the public good demands that such steps shall be taken; but before a section-line road can be opened the damages of the land-owner must be ascertained. The statute authorizes an appeal to the district court from the award of damages sustained by

the establishment of a road, but makes no provision for the review on appeal of the decision of the board ordering the opening of a highway. We therefore conclude that that question is not open to contest on appeal; otherwise it would permit the appellate court to review. the decision of an inferior tribunal upon a matter committed to its discretion, and that, too, in the absence of an express statute permitting such review. The propriety or necessity of opening and working section-line roads is committed to the discretion of the county board, and its decision is final. (*Throckmorton v. State*, 20 Neb. 647; *Cowles v. School District*, 23 Neb. 655; *Howard v. Brown*, 37 Neb. 902; *Pollock v. School District*, 54 Neb. 171; Elliot, Roads & Streets 276; *Weaver v. Templin*, 113 Ind. 329.) Whether a necessity existed or not for the opening of the road in question was a governmental question which did not concern plaintiffs, so long as they received compensation for their damages sustained.

It is insisted that the denial of an appeal to review the decision of the county board upon the proposition whether the public good required the opening of this highway is a violation of the state constitution which guaranties: "No person shall be deprived of life, liberty, or property without due process of law." The foregoing provision cannot be successfully invoked by these plaintiffs, since they have not been deprived of their property in an unconstitutional manner. The legislature has provided how the property of an individual may be taken for highway purposes, and designated a tribunal for determining the necessity of such appropriation, and for assessing the damages of the land-owner, besides making adequate provision for an appeal from the award. One's property is devoted to the public use by due process of law when an opportunity is offered him to have his damages ascertained by adequate and appropriate judicial proceedings, and suitable provision is made for the payment of the same prior to the taking of the property. (*Chicago, B. & Q. R. Co. v. State*, 47 Neb. 549.)

It is next asserted that said section 46, chapter 78, Compiled Statutes, is unconstitutional, because the provisions of said section are not embraced within the title of the act and are inconsistent with, and repugnant to, prior statutes which have not been in terms repealed. The same objections were decided adversely to the foregoing contention in *Henry v. Ward*, 49 Neb. 392, it being there held that said section 46 was germane to the title and subject of the prior act amended, and is valid, though the amendment did operate incidentally to modify other statutes. (See *State v. Cornell*, 50 Neb. 526.) A discussion of the question anew is unnecessary at this time.

Complaint is made in the brief of the instructions given and refused on the measure of damages. The court directed the jury, substantially, that the measure of recovery is the market value of the land actually appropriated for the highway, together with a sum equal to the depreciation in value of the portion not taken, occasioned by the location and opening of the road. This rule was favorable to plaintiffs. As to the instructions tendered by them, all that need be said is that they were fully covered by those given by the court on its own motion; therefore it was not reversible error to refuse those requested.

We have carefully perused the testimony in the bill of exceptions, and find that it would have supported a verdict for a larger sum, as well as for a smaller amount, than was returned by the jury. Therefore the assignment that the damages assessed are inadequate must be overruled.

AFFIRMED.