AGNES CASSIDY, APPELLEE, v. MICHAEL SULLIVAN ET AL., APPELLANTS.

FILED FEBRUARY 22, 1906.   No. 14,031.

1. Highways: DEDICATION.  Where adjoining landowners place fences and plant trees along the line between their lands in such a way as to leave an intervening space for public travel, and with the intention that it be used for that purpose, and the public enter upon and use the intervening space as a highway and continue in such use and enjoyment thereof for almost 20 years, it will be regarded as a highway by dedication.

2. Acceptance.  In order to constitute a highway by dedication, it is not necessary that the offer of dedication be accepted by the public authorities, it may be accepted by the public itself.

3. The acceptance by the public itself is shown by its entering upon the land and enjoying the privilege offered by user.

4. Evidence examined, and *held* sufficient to show a highway by dedication.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE.  *Affirmed.*

*R. R. Dickson,* for appellants.

*M. F. Harrington* and *A. F. Mullen, contra.*

ALBERT, C.

This is an appeal from a decree enjoining the defendants from maintaining a fence on an alleged public road. The defendant Babcock owns the southwest quarter of the northwest quarter of a certain section of land, and his codefendant owns the southeast quarter of the northeast quarter of the section adjoining on the west. The road extends north and south on the section line between the two forty-acre tracts. That the defendants, a short time before the suit was commenced, erected a fence on the road is not disputed; the only controversy being the sufficiency of the evidence to show the existence of a public road. That the county board never made any order for the opening of the road is conceded. It does appear, however, that many years ago the county board entered an order declaring all section lines within the county public roads. But as this amounted to a reiteration of section 46, chapter 78, Compiled Statutes 1905 (Ann. St. 6049), it was mere *brutum fulmen*, and, of itself, has no bearing on the question at issue.

One contention of the plaintiff is that the alleged road is a highway by dedication. The evidence seems to bear out this contention. It appears that for many years the travel to and from the Black Hills country was along trails in the vicinity of this road. It does not appear to have been confined to any particular track, and as the county was largely unsettled section lines were disregarded. Although it was denied by the defendants, it sufficiently appears that almost 20 years ago the defendant Babcock and one through whom the other defendant traces his title, and who then owned the Sullivan forty, for the purpose of inducing the public travel to follow the section line between their respective tracts, built fences and planted trees on their respective sides of the section line, leaving a space about 66 feet wide for public travel, and that thereafter, until about the time of the commencement of this suit, the travel was confined to that space, which has

Cassidy v. Sullivan.

ever since been used by the public as a highway. Such use has been uninterrupted, save that about a year before this suit was begun one of the defendants placed a fence on the road, but was directed to remove it by the county attorney, and did so. It should be remarked, however, that there is evidence tending to show that the use of the easement was interrupted several years ago by a fence which was maintained for some time. But the evidence on this point is conflicting, and we are not prepared to say that a finding against the defendants thereon is not sustained by sufficient evidence. Taken in its entirety the evidence satisfies us that the owners of the land, more than 15 years ago, dedicated that portion now claimed as a public road to the public, and the public at once accepted the grant, and, practically speaking, have been in the uninterrupted enjoyment thereof ever since. It is true, there is no evidence that the public authorities ever authorized any work on the road, or did any act indicating an acceptance of the grant. But a dedication, in order to become binding upon the dedicator or his privies in estate, need not be accepted by the public authorities, but may be accepted by the general public. The general public accepts, as in this instance, by entering upon the land and enjoying the privilege offered, in other words, by user. *Streeter. v. Stalnaker,* 61 Neb. 205; *Attorney General v. Abbott,* 154 Mass. 323, 13 L. R. A. 251; *Rees v. City of Chicago,* 38 Ill. 322; *Alden Coal Co. v. Challis,* 200 Ill. 222.

Considerable stress is laid on the fact that the road in question is connected with no public road at the south, and that it is some 80 rods from the north line of the defendants' lands to a public road with which this road would connect at the north; in other words, that this road is disconnected from all other public roads. In view of the entire evidence, that fact has no special significance. The travel from other public roads to this road is over private property and with the permission of the owners, who, unlike the defendants, are not shown to have dedicated a right of way for the use of the public. When

57

such permission is withdrawn, if the travel over such lands is merely permissive, the authorities may take the proper steps to establish highways connecting with this road, or, if the road is not required, the proper steps may be taken to relieve the defendants of the burden of the easement. But that has nothing to with this case. The evidence shows that the road is a public highway, and so long as it remains such the defendants have no right to obstruct it.

It is recommended that the decree of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.