MICHAEL F. LYONS, APPELLANT, V. ARTHUR F. MULLEN
ET AL., APPELLEES.

FILED JANUARY 5, 1907. No. 14,587.

1. Dedication: HIGHWAYS: ACCEPTANCE. The acceptance of a grant of land to a county for road purposes may be shown by proof that the public authorities afterwards assumed control over it and improved a portion of it, and that it was used by the public as a highway.

2. Evidence examined, and *held* insufficient to show the abandonment of a public road.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*R. R. Dickson,* for appellant.

*Arthur F. Mullen* and *E. H. Whelan, contra.*

ALBERT, C.

This suit was brought by Michael F. Lyons against the county of Holt and others to restrain the doing of certain acts, among which are going upon, taking possession and using a certain strip of land as a highway. It is not necessary to mention specifically the other acts sought to be restrained, because the parties have acquiesced in the decree of the district court with respect thereto. The defendant county filed a cross-petition, alleging the existence of a highway on the strip of land in question, and that the plaintiff was unlawfully obstructing the same, and asking that he be enjoined from interfering with the use thereof as a public highway. The court found for the defendants on this branch of the case, and granted the relief prayed by the defendant county in its cross-petition. The plaintiff appeals from this part of the decree.

The land in dispute is referred to as the "Malloy road." It begins at the south terminus of what is known as

Main street in the village of Emmett, which is located wholly on the east half of the northwest quarter of section 23, town 29, range 12 west, in said county. From its starting point it extends south about 16 rods, having the west line of said street extended as its western boundary; thence it extends west to the section line of said section, having the quarter-section line between the northwest and southwest quarters thereof for its northern boundary. It was conveyed to the defendant county for road purposes in 1885 by one Malloy, who was then the owner of the land it traverses. The plaintiff now claims to be the owner of the land adjoining this road on either side. His title to the southwest quarter of the section above referred to is reasonably clear from the evidence; his title to the remainder of the adjacent land is not so clear, but for the purposes of this case it may be assumed without inquiry. Some two years after Malloy conveyed this strip of land to the county, the authorities of the county bridged a slough, which to some extent interfered with travel thereon, and put it in condition for public travel. It sufficiently appears from the evidence that at least for sometime thereafter the road was used and regarded by the public as a highway. In 1892 the planking or a portion thereof was removed from the bridge and was never replaced. In 1897 the entire structure was removed and has never been rebuilt. Some three or four years before the commencement of this suit the plaintiff erected a fence along the northern boundary of this road to its terminus at the west section line of section 23, thence extended the fence south across the road and around the quarter section. This left a space north of the road to which the greater portion of the travel was diverted. The plaintiff, however, specifically denies that such space was left for the accommodation of public travel. From the time the land was deeded to the county by Malloy, down to the time the plaintiff erected the fence just referred to, the land adjacent to this road on the south was wholly uninclosed, and the public apparently

traveled over it at will, as best suited their purposes. In 1903 the county board of the county established a new road about a quarter of a mile north of the "Malloy" road, leading into the village of Emmett from the west.

The plaintiff first contends that the Malloy grant was never accepted by the public. This contention, we think, is without merit. It is true there is no evidence of a formal acceptance. But the fact that the public authorities entered upon the land, put it in condition for public travel, and that thereafter it was used, for some time at least, by the public as a highway, is sufficient to show that it was accepted by the public. *Streeter v. Stalnaker*, 61 Neb. 205. See, also, *Cassidy v. Sullivan*, 75 Neb. 847; 9 Am. & Eng. Ency. Law (2d ed.) 47.

The next contention of the plaintiff is that the road had been abandoned. The grounds upon which this contention is based are shown by the following taken from the brief filed by his counsel: "I am not contending that the statute of limitations runs against the county or this road district, nor that the public would not get good title to a road by a continuous adverse user, nor that the acceptance of this dedication by Malloy would not be binding upon the parties to this action if there had not been an intentional abandonment of the easement acquired by the Malloy road. My position is that the Malloy road was abandoned by the taking up of the bridge, and by the acceptance of the lane left by Lyons, and that, by petitioning the county board  *  *  *  there was an absolute abandonment of any rights that the public had to travel over what is termed the 'Malloy road.' If the Malloy road had not been abandoned, then why was it that these people asked the board to establish this road north of the railroad, and why did they travel this established road and permit the fencing of this entire southwest quarter, unless there was an intentional abandonment thereof with the intention of accepting the road north of the railroad track (the road established in 1903)."

The fact that the bridge was removed would be entitled

to more weight on the question of abandonment, were it not clear from the evidence that the greater portion of the road could be traveled at all times without a bridge across the slough, and that the slough did not render the road impassable in the winter or in dry seasons. In fact, we are satisfied from the evidence that the removal of the bridge never seriously interfered with travel on this road; the adjacent lands were uninclosed until recently, and the slough was easily avoided. As to the diversion of travel to the lane left by the plaintiff north of the "Malloy road," and the establishment of a new road still farther north, they are insufficient to show an abandonment. Neither the lane nor the new road, nor both of them, diverted the travel entirely from the road in question. Both were established less than five years before the commencement of this suit. Section 30, ch. 78, Comp. St. 1903, provides that "the establishment of a new road on the route of a road already established according to law shall not vacate the road previously established, unless such vacation is prayed for in the petition, and so declared in the order establishing a new road." The obvious purpose of this provision is to provide against the implication arising from the establishment of a new road which answers the same purpose as that of a road already established, and it must be held to apply to the lane referred to as well as the new road regularly established by the county board, because it would be unreasonable to hold that, while an implication of abandonment could not arise from a new road regularly established, it would arise from the mere user of a new way by common consent Besides, both the lane and the new road were established within about four years preceding the commencement of this suit, so that, granting that there had been a complete nonuser of the "Malloy road" after the lane and the new road were established, it would still be insufficient in duration to show an abandonment.

The plaintiff complains that he was not permitted to amend his petition to conform to the proof. We have

examined the evidence with that complaint in mind, and it is clear that the amendment would not have been of any avail to the plaintiff had he been permitted to make it.

It is recommended that the decree of the district court be affirmed.

JACKSON, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.