JACOB J. VAN WANNING, APPELLEE, V. GEORGE W. DEETER,
APPELLANT.*

FILED JANUARY 17, 1907. No. 14,653.

1. **Public Lands: HIGHWAYS.** Under the provisions of section 2477,
   Revised Statutes, United States, lands of the general government
   not reserved for public purposes may be taken and used for pub-
   lic roads. *Streeter v. Stalnaker*, 61 Neb. 205.

2. ———: ———: DEDICATION: ACCEPTANCE. An acceptance of the
   dedication made by said section may be shown by the acts of the
   public authorities, or by the acts of the public itself.

3. ———: ———: RIGHTS OF SETTLER. A settler upon the public
   lands of the general government, upon which there is a road in
   common and general use as a highway, takes subject to the
   public easement of a right of way on such road, although the
   same was never established by the public authorities under the
   general road laws of the state.

APPEAL from the district court for Jefferson county:
WILLIAM H. KELLIGAR, JUDGE. *Reversed with directions.*

*C. H. Denney,* for appel ant.

*Heasty & Barnes, contra.*

ALBERT, C.

This is an appeal from a decree enjoining the appellant
as road overseer from removing a fence which the appellee
had commenced to build on and along that portion of
a section line forming the north boundary of a quarter
section of land, to which the appellee holds the title in
fee. The only question in the case is whether there is
a public road along that portion of the section line. If
there is, the appellant, in the discharge of his official duty,
had a right to remove the fence, and the decree should be
reversed.

While there is no evidence that the road was ever form-
ally established and opened by the county authorities,

---

* Rehearing allowed. See opinion, p. 284, *post.*

we think the evidence leaves no room for doubt that the road was established by dedication and acceptance. The evidence shows that the earliest settlers in that locality found the strip of land in question in common use by the public as a highway, and that such use has continued without substantial interruption ever since, until shortly before the commencement of this suit, when the appellee interrupted it by the erection of the fence in question. Prior to 1892 it appears to have been kept in condition for travel by the private efforts of those using it. In that year the public authorities put in a small culvert, and subsequently had some labor performed on it at the public expense. It was in common use as a highway when the person under whom the appellee claims title took title from the United States.

It seems to us that the case falls within the doctrine announced in *Streeter v. Stalnaker*, 61 Neb. 205. There, in dealing with a similar case, the court said: "In 1866 congress passed an act declaring that 'the right of way for the construction of highways over public lands not reserved for public uses is hereby granted.' U. S. Rev. St., sec. 2477. By this act the government consented that any of its lands not reserved for a public purpose might be taken and used for public roads. The statute was a standing offer of a free right of way over the public domain, and as soon as it was accepted in an appropriate manner by the agents of the public, or by the public itself, a highway was established. *McRose v. Bottyer*, 81 Cal. 122. What the Hamilton county authorities did was perhaps insufficient to show the establishment of a road under the general road law, but was enough, we think, to indicate an acceptance of the government's bounty, and that is all that was required to create an easement. * * * In this case there was not only evidence of user, general and long continued, but also proof that the public authorities had assumed control over the road and had worked and improved a portion of it. Both facts were competent evidence tending to show an acceptance

of a dedication." One point made clear in the foregoing is that the acceptance of the congressional grant could be shown, not only by acts of the public authorities, but by the acts of the public itself. In the case at bar, as in that case, there is evidence of user, general and long continued. The right of the public to the easement was never challenged until after it had been enjoyed for more than 30 years. This, we think, is amply sufficient to show an acceptance by the public of the congressional grant, and that the party under whom the appellee claims title took subject to the easement. See *Cassidy v. Sullivan,* 75 Neb. 847; *Eldrige v. Collins,* 75 Neb. 65. In this case, as in the *Streeter* case, *supra,* it may be said that the travel along this road deviated more or less from time to time, but the evidence justifies the conclusion that such deviations were neither substantial nor permanent, and that through all those years a portion of the road was used some of the time and all of it was used a part of the time.

It is recommended that the decree of the district court be reversed and the cause remanded, with directions to dismiss the suit.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the decree of the district court is reversed and the cause remanded, with directions to dismiss the suit.

REVERSED.

The following opinion on rehearing was filed June 22, 1907. *Former judgment of reversal vacated and judgment of district court affirmed:*

1. **Public Lands:** EVIDENCE. Record reexamined, and found not to sustain the assumption in former opinion that the land in question was a part of the public domain at the time of the passage of the act of congress in 1866 granting right of way over public land for highway purposes.

2. **Highways:** INJUNCTION: BURDEN OF PROOF. In an action to restrain a road overseer from removing plaintiff's fences from land

claimed by such overseer to be a highway, the plaintiff alleging that no highway existed, and the defendant alleging that there was a lawfully opened road at the point in dispute, the burden was on defendant to establish the existence of the highway. *Henry v. Ward*, 49 Neb. 392, followed.

3. ———: ESTABLISHMENT. The act of 1873 declaring section lines public roads (Gen. St. 1873, p. 959) did not of itself create a lawful public highway along such lines. Before it can have such effect, the proper authorities must provide for the payment of damages for the right of way.

4. ———: ———. A highway over wild, uninclosed prairie lands cannot be established by user without the knowledge or consent of the owner.

CALKINS, C.

1. The opinion filed in this case, *ante*, p. 282, reversing the decree of the lower court, was based upon the assumption that the land in question was a part of the public domain at the time of the passage of the act of congress granting the right of way over public lands for highway purposes in 1866. U. S. Rev. St., sec. 2477. The correctness of this assumption having been challenged, we have carefully examined the record, and are now convinced that it was erroneously made. The nearest approach to evidence on this point is found in the testimony of Mr. William Cowdry, who, in response to a question as to how long the land had been settled, answered: "From 1869." The word settled is not synonymous with entered, and leaves us in the dark as to when or in what manner this land was segregated from the public domain.

2. It was upon the last argument contended that the burden was upon the plaintiff to prove that the land was entered prior to 1866. It is a general principle that where a bill alleges a negative, and the defendant affirmatively pleads the fact negatived, the burden is upon the defendant. *Carroll v. Malone*, 28 Ala. 521. And see *Burgess v. Lloyd*, 7 Md. 178. This principle has been recognized by our own court in *Henry v. Ward*, 49 Neb. 392. This was an action to restrain county commissioners from moving plaintiff's fence from land claimed by the commissioners

to be a highway, the plaintiff alleging that no highway existed, and the defendant alleging that there was a lawfully opened road at the point in dispute; it was held that the burden was upon the defendant to establish the existence of the highway. This decision, being in point, disposes of the contention that the plaintiff was bound to prove that the land was entered before the passage of the act of 1866, and makes it necessary for us to determine the case without reference to the effect of that statute.

3. The defendant's answer alleges that the section line on the north of the land in question was established and opened as a public highway by and according to law on the 24th day of February, 1873, and that said road and highway so opened and established has been continuously traveled and worked as a public highway at all times since. There is no evidence that the county authorities ever attempted to formally establish or open the road, or took any steps with reference to the assessment of damages therefor; but the contention of the defendant is that the act of February 24, 1873 (Gen. St. 1873, p. 959), had the effect of establishing this as a public highway without any action of any kind on the part of the county authorities. It has generally been held that the rights of the owners of land over which a section line extends are the same with reference to the assessment of damages for the location of a highway thereon as those of the owners of other real estate. *Henry v. Ward*, 49 Neb. 392; *Howard v. Board of Supervisors*, 54 Neb. 443; *Scace v. Wayne County*, 72 Neb. 162. And before a county can appropriate land to public use for a public road it must provide for the payment of damages for the right of way. *Zimmerman v. County of Kearney*, 33 Neb. 620; *Livingston v. County Commissioners*, 42 Neb. 277; *Lewis v. City of Lincoln*, 55 Neb. 1. Counsel for defendant seeks to distinguish the present case from those where the use of the road began after the taking effect of the law of 1879, and calls our attention to the fact that in the case of

*Henry v. Ward, supra,* the decision was placed upon the ground that the road was not used until 1884, and after the act of 1873 had been modified by the act of 1879. This is true; but the court in its opinion doubts whether it was within the power of the legislature to condemn private property without compensation, unless claims were made for damages within 90 days; and in the case of *Livingston v. Commissioners, supra,* it is said that the duty to take such steps as may be necessary to determine the amount of damages resulting from the appropriation of private property for public use should be in no way dependent upon whether or not a claim for damages has been filed by the person whose property is to be taken; and that he cannot be required to take affirmative action as a condition upon which depends his right to compensation for taking his property for public use. In *Lewis r. City of Lincoln, supra,* and *Kime v. Cass County,* 71 Neb. 680, this statement of the law is approved. We are therefore constrained to hold that this section line did not become a public highway by force of the law of 1873.

4. It only remains to inquire whether there was evidence of such user as would establish a road by prescription. It appears that up to about the time of the commencement of the action the land in question was prairie, unbroken, uncultivated and uninclosed; that since the first settlement of the country there had been more or less travel along or near to this section line, except in one place where a detour was usually made to pass around the head of a draw; that some time in 1892 the road supervisor had put a small culvert on the section line in this draw; and that on one other and later occasion he had done a little work to make the draw passable, but that the road otherwise had been unworked, and that the owner of the land was a nonresident, and did not know of this use, or of any road work being done upon the land. In *Graham v. Hartnett,* 10 Neb. 517, it was held that, while the existence of a legal public highway over

the premises of a private person may be shown by user alone, if it has been with the knowledge of the owner, and continued for the length of time necessary to bar an action to recover the title to land, such user does not suffice when it is of wild and uninclosed prairie land. This case is followed, and the rule therein stated applied, in the case of *Shaffer v. Stull*, 32 Neb. 94, and it must be regarded as the settled law of this state. It necessarily follows that the user in this case being of wild, uninclosed prairie land, and without the knowledge of the owner, it was insufficient to establish a road by prescription, and that the judgment of the district court was correct.

We therefore recommend that the former judgment of this court be set aside, and that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is set aside and the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.