STATE, EX REL. KEITH COUNTY, APPELLANT, V. WESTERN IRRIGATION DISTRICT DITCH COMPANY ET AL., APPELLEES.

FILED APRIL 10, 1928. No. 25631.

L. A. *DeVoe* and *M. M. Maupin,* for appellant.

*Beeler, Crosby & Baskins, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and HOWELL, JJ., and LANDIS, District Judge.

GOSS, C. J.

Plaintiff sought by mandamus to compel the defendants to construct and maintain a bridge or culvert over defendant's canal, existing since 1897, so as to carry over the canal a new public road laid out, established and ordered open to public travel by the county board in 1925 on a section line. The defendants demurred to the petition and the demurrer was sustained. Plaintiff appeals.

The sole question at issue is whether, under the law as existing then and now, it was the duty of the ditch company or the duty of the county to provide a bridge for this new public road over an old ditch.

From 1897 to 1913 it probably was the duty of owners of railroads, canals or ditches to build bridges within their right of way for the accommodation of public roads, regardless of priorities of establishment. Laws, 1887, ch. 73; Comp. St. 1911, sec. 5363. But in 1913 this chapter was repealed and reenacted to the extent only that it was left applicable to railroads. Laws 1913, ch. 89; Rev. St. 1913, sec. 3016. And that same session of the legislature provided for the building and maintaining of bridges by drainage or irrigation districts across public highways. Laws, 1913, ch. 172, now section 2734, Comp. St. 1922. The last-named section and section 8469, Comp. St. 1922, relating to duties of owners of ditches, laterals or canals,

constructed upon or across any highway, to construct wagon bridges "as soon as practicable after such ditch, lateral or canal is constructed across such highway," are the only sections of the statute cited to us or found by us to which the present question is referable. Section 2734, above cited, reads as follows:

"Whenever any public drainage or irrigation district organized under any law of this state has in the past excavated, or shall in the future excavate any ditch, or any new channel of any running stream, across the then existing public highway, it shall be the duty of the governing board of said drainage or irrigation district and the governing board of the county or municipal corporation involved, to negotiate and agree for the building and maintaining of bridges and approaches thereto on such terms as shall be equitable, all things considered, between such drainage or irrigation district and county or municipality; and any such agreement between such governing boards that has heretofore been or shall hereafter be entered into shall be binding. If said boards for any reason fail or neglect to agree with reference to said matter, then it shall be the duty of said drainage or irrigation district to restore said highway when so crossed or intersected, to its former state as near as may be, or in a sufficient manner not to have impaired unnecessarily its usefulness, and it shall be the duty of the county or municipal corporation involved, as the case may be, to maintain said bridge and approaches after the same have been built by said drainage or irrigation district: Provided, however, any bridge that may be built by any drainage or irrigation district on any county road shall be constructed under the supervision of the county board and in accord with the established plans and specifications of said county board; and provided further, the provisions of this section shall not set aside, vacate, modify or in any manner affect any decree or judgment heretofore rendered by any court."

The express language of the section quoted fails to place upon a drainage or irrigation district the duty of building

or maintaining bridges unless the ditch or channel be excavated across a "then existing public highway." According to the petition, the canal of the defendants was established in 1897, and the highway was not ordered opened for public travel until May 15, 1925. It was, therefore, not a "then existing public highway" when the canal was established.

Appellant alleged in the petition and argued that the section line so crossed by the irrigation ditch was, at the time of the construction of the ditch, a "potential road" under and by virtue of section 2607, Comp. St. 1922, declaring section lines to be public roads and allowing the county authorities to open them to public travel whenever the public good requires it, but upon appraisal and allowance of damages. This court held that the act declaring section lines public roads did not of itself create a lawful public highway along such lines, and that, before it can have such effect, the proper authorities must provide for the payment of damages for the right of way. *Van Wanning v. Deeter*, 78 Neb. 282, affirmed on rehearing, 78 Neb. 284. Doubtless the legislature had in mind not a potential highway but a real highway when it used the words "the then existing highway." That the common law did not so require, and that, in the absence of an express statute, the defendants could not be required to bridge a road ordered long after their canal was established, finds support in our previous holdings. *Franklin County v. Wilt & Polly*, 87 Neb. 132; *Richardson County v. Drainage District*, 92 Neb. 776. See, also, 4 R. C. L. 478, sec. 28; 9 C. J. 1132, sec. 16; *Morris Canal & Banking Co. v. State*, 24 N. J. Law, 62.

We are of the opinion that, where an irrigation ditch or canal was established in 1897 across a section line and no public road was actually ordered or established on said line until May 15, 1925, there is no authority given the county, by virtue of the common law or by statute, and particularly by section 2734, Comp. St. 1922, to compel the owners of said ditch or canal to erect and maintain a bridge

over said ditch or canal where it crosses said section line.

For the reasons given, the judgment of the district court is

AFFIRMED.