"Yours truly,      E. PETTY."

This letter is explained by the defendant as follows : In the spring of 1883 he was about concluding a sale of his cattle as they ran on the range to the proprietor of a neighboring ranch when the manager thereof, who had heard of the controversy growing out of the branding of the calves above referred to, made the offer, otherwise satisfactory, conditioned that the defendant would "clear the matter up." He then, to use his own language, "wrote Mr. Forbes, expecting to pay him a certain amount of blood money to settle the difficulty,—to hush the matter up." This explanation, while not entirely convincing, evidently satisfied the jury, and is not so radically inconsistent with the theory of the defense as to warrant interference by us.

There are other assignments of error, but they merely present different phases of the two questions we have considered. We find no error in the record and the judgment is

AFFIRMED.

THE other judges concur.

---

· EZRA E. HOWARD ET AL. V. EZRA BROWN ET AL.

FILED OCTOBER 17, 1893. No. 4688.

1. **Public Highways:** ESTABLISHMENT: CONSTRUCTION OF STATUTE. The provision of section 7, chapter 78, Compiled Statutes, that roads must not be established through any burying ground, or any garden, orchard, or ornamental ground, etc., without the consent of the owner, applies only to roads established under the general provisions of the road law.

2. ———: Establishment on Section Lines: Power of County
    Boards. The establishment of section-line roads is governed
    by the special provisions of section 46 of the road law, by which
    all section lines are declared to be public roads, and may be
    opened as such whenever, in the judgment of the county boards,
    the public interest demands.

Error from the district court of Clay county. Tried
below before Morris, J.

S. W. Christy, for plaintiffs in error, cited: Smart v.
Hart, 44 N. W. Rep. [Wis.], 514; Clark v. Phelps, 4 Cow.
[N. Y.], 202; People v. Judges of Dutchess County, 23
Wend. [N. Y.], 360; Harrington v. People, 6 Barb. [N.
Y.], 612; Tompkins v. Hyatt, 28 N. Y., 355.

Wm. M. Clark and M. S. Edgington, contra.

Post, J.

This was a proceeding in equity in the district court of
Clay county, by the plaintiffs in error, to enjoin the defend-
ants in error, the county clerk and members of the board
of supervisors, from opening a road along the section line
between sections 26 and 35 in township 5, range 6, adjoin-
ing the city of Edgar, in said county. The ground upon
which the relief is sought is that the plaintiffs are the
owners in fee-simple of the west half of the northeast
quarter of section 35, and the southwest quarter of the
southeast quarter of section 26; that they have a valuable
orchard of apple-trees on the line between the two sections,
which would be destroyed by the opening of the threat-
ened road along said line; also that it would necessitate the
digging of a new well and the removal of their tanks, wind-
mill, feed yards, and sheds, to their great damage and in-
convenience. A demurrer to the petition was sustained by
the district court and the action dismissed, whereupon the
cause was brought into this court by petition in error.

The only question which calls for notice is whether the
petition states a cause of action.   The reliance of plaintiffs
in error is upon the provisions of section 7, 'chapter 78,
Compiled Statutes, entitled "Roads," as follows: "The
commissioner is not confined to the precise matter of the
petition, but may inquire and determine whether that or
any road in the vicinity, answering the same purpose and
in substance the same, be required; but such road must not
be established through any burying ground which is ex-
empt from execution, nor through any garden, orchard, or
ornamental ground contiguous to any dwelling house, so
as to cause the removal of any building without the con-
sent of the owner."

From a careful reading of the chapter above referred to,
it is evident that sections 4 to 35 thereof, inclusive of both
sections, have reference to the ordinary proceeding for the
establishment of roads in which a petition and notice are
essential in order to give the county board jurisdiction to
act, and are not applicable to section-line roads, which are
governed by the special provision contained in section 46,
as will be observed hereafter.   Sections 6, 7, 8, and 9 have
especial reference to the appointment, powers, and duties of
the commissioners to examine the route proposed by the
petition, and determine the expediency of the road as well
as the location thereof.   The provision of section 7, that
"such road must not be established through any orchard
*   *   *   so as to cause the removal of any building,"
etc., was designed as a limitation upon the discretion of the
county board in cases of roads established by petition.

Provision is made for public roads on all section lines
by section 46 as follows: "The section lines are hereby de-
clared to be public roads in each county in this state, and
the county board of such county may, whenever the public
good requires it, open such roads without any preliminary
survey, and cause them to be worked in the same manner
as other public roads; *Provided,* That any damages claimed

by reason of the opening of any such road shall be appraised and allowed as nearly as practicable in manner hereinbefore provided; *And provided further*, That the county board before opening such section-line road shall direct the county surveyor to perpetuate the existing government corners along such line by planting monuments of some durable material with suitable witnesses, whenever practicable, and make a record of the same." The effect of this provision is to make section lines public highways, to be opened for use whenever, in the opinion of the county board, the public good requires. Here there is no limitation upon the discretion of the board, and no such exception with respect to gardens, orchards, or buildings as is found in section 7.

The special provision of the section last quoted must prevail rather than the general provisions of the road law. Such is the well settled rule in this state. (See *Albertson v. State*, 9 Neb., 430.) One who, since the adoption of the present road law, erects buildings or plants trees on a section line does so at his peril, and with the knowledge that the county, which is but the agent of the state in the exercise of the sovereign power of eminent domain, may, whenever the interest of the public demands, compel their removal. It appears from the petition that the county board, in the exercise of their discretion, have, in due form, adjudged that the necessities and convenience of the public will be best served by the opening of a highway along this particular section line. That tribunal is by law clothed with exclusive jurisdiction of the subject, and its judgments and orders are final and conclusive, at least when assailed in a collateral proceeding. The judgment of the district court is right and must be

AFFIRMED.

THE other judges concur.