HON. ROBERT RYAN,
HON. JOHN M. RAGAN, } COMMISSIONERS.
HON. FRANK IRVINE,

## A. D. ROSE v. WASHINGTON COUNTY.

| 42 | 1 |
| 47 | 356 |
| f48 | 214 |

| 42 | 1 |
| 49 | 394 |
| 55 | 4 |
| 42 | 1 |
| 62 | 254 |

### FILED OCTOBER 2, 1894.    No. 5793.

1. **Highways:** POWERS OF COUNTY BOARD TO OPEN.   A petition is not essential to confer jurisdiction upon the county board to open section line roads under section 46, chapter 78, Compiled Statutes.

2. ———: ———: DAMAGES TO PROPERTY OWNERS.   The only limitation upon the discretion of the board in that respect is the fundamental one of compensation for private property taken or damaged.

ERROR from the district court of Washington county. Tried below before SCOTT, J.

*Osborn & Jackson,* for plaintiff in error, cited: *Robinson v. Mathwick,* 5 Neb., 252; *Doody v. Vaughn,* 7 Neb., 31; *State v. Otoe County,* 6 Neb., 133; *Damp v. Town of Dane,* 29 Wis., 428; *Williams v. Holmes,* 2 Wis., 96; *Warren v. Brown,* 31 Neb., 8; *Beatty v. Beethe,* 23 Neb., 210; *Howard v. Dakota County,* 25 Neb., 233; *Throckmorton v. State,* 20 Neb., 647; *In re Minneapolis R. Co.,* 38 Minn., 157; *Kemerer v. State,* 7 Neb., 132.

*W. E. David* and *Walton & Mummert, contra,* cited: *Davis v. Commissioners of Boone County,* 28 Neb., 837.

Post, J.

This is a petition in error from the district court for Washington county. The facts essential to an understanding of the questions at issue are as follows: On the 23d day of July, 1890, A. O. Pound and sixteen others, who are described as resident electors of said county, presented to the county board the following petition: "We, the undersigned, respectfully petition for the appointment of a commissioner to examine and report on the location of a county road commencing at the southwest corner of section No. 34, township No. 13 north, of range 11 east of the 6th P. M., running thence east on section and township line about one and one-third miles, to a county road running north and south through section 35, town 18, range 11 east, and terminating at said point where it intercepts the county road running north and south." Subsequently a remonstrance against any action by the board upon the petition was filed by P. Quinlan and twenty-four others. Afterwards the board took action upon the petition, by ordering a road to be opened in accordance with the prayer of the petition. The plaintiff in error, a property owner, presented his claim on account of damage to the north half of section 3, town 17, range 11, and was allowed, by appraisers appointed for that purpose, the sum of $107.50.

From that award he took an appeal to the district court, where a trial was had, resulting in a finding in his favor in the sum of $90. Having moved unsuccessfully for a new trial, he removed the cause into this court for review. His objections to the judgment are all embraced in one proposition, viz., that the petition upon which the county board acted is insufficient to confer jurisdiction, hence any action taken thereunder is void. The petition certainly lacks form and completeness, but, in our view, section 46, chapter 78, Compiled Statutes, confers upon the county board authority to open section-line roads without petition. There is no limitation upon the power of the board, or conditions prescribed by law for the exercise of the discretion with which the board is invested in that respect, except the fundamental one of compensation for damage to private property. This is in accordance with previous decisions of this court. (See *Throckmorton v. State*, 20 Neb., 652; *Howard v. Brown*, 37 Neb., 902.) In view of the conclusion announced, it is unnecessary to examine the other questions argued.

AFFIRMED.