J. M. BARRY ET AL. V. M. DELOUGHREY ET AL.

FILED MARCH 3, 1896.    No. 6194.

1. **Highways:** JURISDICTION OF COUNTY BOARD.    No petition is necessary to confer power upon a county board to open a section line road.

2. **Opening Section Line Roads:** NOTICE: DAMAGES.    The county board may, without petition or notice, make a preliminary order establishing a section line road, or declaring that it shall be opened; but before it can be actually opened there must be proceedings upon proper notice to ascertain damages.

3. ———: PROCEDURE.    To authorize the opening of a section line road a finding that the public good requires it need not be made of record by the county board.

4. ———: ———.    The county board may in one proceeding open roads on different section lines, provided they connect with one another and form a single scheme of highway improvement.    Whether the opening of disconnected roads may be embraced in a single proceeding, *quære.*

ERROR from the district court of Dakota county. Tried below before NORRIS, J.

*Jay & Beck,* for plaintiffs in error.

*R. E. Evans, contra.*

IRVINE, C.

The object of this proceeding is to procure a reversal of a judgment of the district court which reversed, on proceedings in error in that court, an order of the county board of Dakota county relating to the establishment of a highway. Unfortunately most of the information sought to be afforded us is contained in the briefs, and finds little support in the record, by which alone we are governed. The record discloses that on April 23, 1892, there was filed with the county board a petition purporting to be signed by a large number of electors residing within five miles of the proposed roads, asking the establishment of two roads along section lines, joining at a section corner. To this a numerously signed remonstrance was filed, accompanied by specific objections to the opening of the roads. A notice was published, which will be referred to later. Thereafter certain of the remonstrants asked to have their names stricken from the remonstrance. Thereafter, at a meeting of the county board, the following record was made: "Now at this time in the matter of the Ryan section line road the same came up for final hearing and was allowed as prayed for. The remonstrants duly except to the action of the board. Motions of R. E. Evans, attorney for remonstrators in the location of Ryan road, were overruled and remonstrators except." From this order the proceedings in error were prosecuted in the district court, resulting in a judgment of reversal, the reason stated being "that said board of supervisors had no jurisdiction of the subject-matter of the action and no authority to render such judgment or order."

In support of the judgment of the district court counsel argue that the board was without authority, because no sufficient petition was filed, because no proper notice was published, because there was no finding that the roads were required for the public good, and because the opening of two roads was embraced in a single proceeding. The district court must have proceeded on one or another of these grounds, because the other assignments of error are not based on any facts disclosed by the record. All section lines are by statute declared to be public roads. (Compiled Statutes, ch. 78, sec. 46.) The law establishes them as highways, and the county board is empowered, whenever the public good requires it, to open such roads without preliminary survey, the sole limitation being that damages shall be appraised as nearly as practicable in the manner provided for the opening of other highways. Under this section it has been held that the board may in its discretion open any section line road without a petition first presented. (*Throckmorton v. State*, 20 Neb., 647; *McNair v. State*, 26 Neb., 257; *Howard v. Brown*, 37 Neb., 902; *Rose v. Washington County*, 42 Neb., 1.) In *Howard v. Brown, supra*, it was held that section 46, being a special provision in relation to section line roads, prevailed over the general provisions of the chapter; but, of course, in appraising damages section 46 requires the procedure in relation to other roads to be followed so far as practicable. The procedure provided for such other roads is the presentment of a petition and deposit by the petitioners of a sufficient sum to pay for laying out such road. Thereupon the county clerk appoints a commissioner to examine into the expediency of the road.

The commissioner makes his report and a notice is published fixing the time wherein all objections to the road or claims for damages must be filed. Thereafter the board, after considering such matters, determines upon the establishment of the road. A portion of this procedure is clearly inapplicable to section line roads; but there can be no doubt that it must be followed in so far as the procedure for ascertaining damages is concerned. Before making the order here complained of the county board had undertaken to publish a notice; but it may be assumed that it was not in substantial compliance with the statute and was insufficient to justify the board in proceeding with the actual opening of the road; but the order made was not one for such final action. It is unintelligible, except through the petition to which it refers; and the petition is for the establishment of the road. We regard the order as merely a preliminary order looking to the opening of the road. Section line roads being opened in the discretion of the board without the necessity of a petition, survey, or commissioner's report, some such preliminary action must be taken before damages can be ascertained. In *McNair v. State, supra,* the proceedings were instituted by a motion adopted by the county board establishing the road, and thereafter the statutory notice was published. This court held that a road so opened was lawfully opened and could not be vacated except by regular procedure. It was also held in *McNair v. State* that a finding that the public good required the road need not be entered of record. As to the objection that the proceedings referred to two roads, as these were both along section lines, joined one another and formed a single scheme of

highway improvement, there could be no objection to the procedure on this ground. Whether two disconnected roads can be opened by a single proceeding we need not determine. The proceedings of the county board, so far as they had progressed, were not without authority of law; and the record discloses no irregularity presented by proper assignments of error. The judgment of the district court is reversed and the order of the county board affirmed.

JUDGMENT ACCORDINGLY.