JOHN A. ANDERSON ET AL., APPELLANTS, V. JOHN O. NELSON ET AL., APPELLEES.

FILED MAY 5, 1910. No. 16,030.

1. **Highways:** DEDICATION: EVIDENCE. The fact that a landowner dedicated a portion of his land for highway purposes may be established by parol evidence concerning his declarations and conduct.

2. ——: PETITION. A petition praying for the location of a public road, addressed to county commissioners in 1888, although silent concerning the width of the highway, should be construed to request a road 66 feet wide.

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*G. W. Scott,* for appellants.

*J. P. Boler, T. J. Howard* and *J. R. Swain, contra.*

ROOT, J.

This is an action to restrain a road overseer and the county commissioners of Greeley county from removing a fence and from interfering with the plaintiffs in the possession and use of a strip of land. The defendants prevailed, and the plaintiffs appeal.

In 1888 one Lindwall owned the north half of section 7, in township 18 north, range 10, in Greeley county; his buildings and cultivated fields were on the east two-thirds, and his market town was located immediately west, of his farm. The public traveled along the section line be-

tween said section and section 6, but the way was rough and difficult for a distance of about 120 rods east from the northwest corner of section 7.    In 1888 Lindwall joined with 29 other electors of the county in a petition to the county commissioners to open a road along said section line.    The petition was granted after a commissioner, appointed by the county. clerk, reported in favor of the proposed highway.    There is no proof that notice was given to file claims for damages or that any such claims were filed.    The proof shows that Lindwall stated repeatedly, while owner of the land, that he had given the public a road on the north side of his farm; he was active in securing funds by subscription to pay for improving the way, and requested his tenant to work thereon.    Lindwall constructed a pasture fence from a point in the west line of his land, two rods south of the northwest corner of the section, east 120 rods, but the proof does not fix the date of such construction.    In 1893 he constructed a fence the remaining 200 rods east, but only one rod south of the section line, for the purpose of protecting a cultivated field.    At that time Lindwall stated that the 120 rods of fence was too far south and he intended to move it, but he made no change.    In 1897, after Lindwall parted with his title to the farm, he stated that he had donated a strip of land one rod in width for 200 rods, and two rods in width for the 120 rods.    The defendants do not contend, nor is there any evidence to sustain an assertion, that Lindwall was paid for the land in dispute, or for any other land within the boundaries of the highway, so that the right of the public to enjoy the easement contended for must rest upon a dedication by that landowner.    There is no evidence to prove a dedication by deed.    Since Lindwall's testimony was not produced, we must weigh his declarations and acts in the light of the circumstances surrounding him at the time, in order to arrive at a just conclusion.

A dedication may be established by parol evidence,

*State v. Otoe County,* 6 Neb. 129; *Rathman v. Norenberg,* 21 Neb. 467. The record and the briefs of the parties leave no doubt in the mind that Lindwall dedicated a way over his land to the public, and we have only to determine the acreage dedicated. We take judicial notice that ordinary farm land situated in Greeley county was not of great value in 1888. The statute (Comp. St. 1887, ch. 78, sec. 2) provided: "All public roads shall have a width of sixty-six feet." The county authorities were powerless at that time to open or locate a public highway less than 66 feet wide. Therefore, when Lindwall petitioned and urged the county commissioners of Greeley county to open the road in question, he asked for a road four rods in width, two rods of which road he knew would be taken from his farm, and his gift of four acres of land to secure that road did not involve a sacrifice as compared with the benefits bestowed by reason of the construction of a direct highway between his farm buildings and his market town. The fact that the petition is silent concerning the width of the road is immaterial; the law fixed that width. *Watson v. Crowsore,* 93 Ind. 220; *State v. Hogue,* 71 Wis. 384. It is true that by petitioning for the road Lindwall did not waive the right to demand compensation for his land taken for highway purposes, nor would his failure to file a claim for damages in itself excuse the authorities from condemning that land and paying him therefor, but the fact that he did not make such a claim should be taken into consideration in connection with his interest in the road, his declarations and his conduct, in determining whether he dedicated the land in controversy for road purposes. It is improbable that the county commissioners would have located the road had not Lindwall dedicated the land in controversy. The plaintiffs are contending for a situation contrary to the common experience of mankind, and in insisting upon the exception should present satisfactory evidence to overcome the presumption against them.

Upon the entire record, notwithstanding the state-

ments made by Lindwall years after the dedication, indicating an intention on his part to yield but one rod in width for public use, and the fact that he constructed a fence to conform to those declarations, we are constrained to find the dedication was for a road of uniform width. The plaintiffs, when they purchased the land, were charged with notice that a highway worked by the public authorities had been traveled many years along the section line, and with the further knowledge that public roads in Nebraska at that time were four rods in width. We are of opinion that they are in no better position than Lindwall would be were he prosecuting this action.

After a mature consideration of the evidence, we find that the judgment of the district court is right, and it is

AFFIRMED.