ASHER D. WARNER, APPELLANT, V. MICHAEL CAVEY ET AL.,
APPELLEES.

FILED DECEMBER 24, 1913. No. 18,270.

1. **Highways: OPENING: SECTION LINES.** Section lines are by statute declared to be public roads which may be opened by the county board whenever the public good requires it. Comp. St. 1911, ch. 78, sec. 46.

2. ———: ———: DISCRETION OF COUNTY BOARD: REVIEW. "The propriety or necessity of opening and working a section-line road is committed to the discretion of the county board, and its decision is not subject to review." *Howard v. Supervisors,* 54 Neb. 443.

3. ———: ———: ———: COMPENSATION FOR DAMAGES. The only limitation upon the discretion of the county board in respect to opening section-line roads is the fundamental one of compensation for private property taken or damaged. *Rose v. Washington County,* 42 Neb. 1.

4. ———: ———: ———. A county board may open a highway in the form of a *cul-de-sac* on a section line.

APPEAL from the district court for Boone county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*H. C. Vail,* for appellant.

*W. J. Donahue,* contra.

ROSE, J.

This is a suit for an injunction to prevent the members of the county board of Boone county and a road overseer from carrying out threats to open a road running east and west for half a mile on the section line between the west halves of sections 21 and 28, in township 20, Boone county. Plaintiff owns land south of that part of the section line described and also the 40-acre tract with its southeast corner at the western terminus of the proposed road. The relief sought is based on allegations that the road, if opened, would be a *cul-de-sac* with the west end terminating at private property, and that therefore the road would

be a private one, for which the property of plaintiff cannot lawfuly be taken without his consent. To the petition defendants demurred. The demurrer was sustained, and from a judgment of dismissal plaintiff has appealed.

The ruling on the demurrer is not erroneous. Plaintiff pleads that defendants are threatening to open a road on a section line, and fails to allege that resulting damages have not been ascertained or paid or tendered. Section lines are by statute declared to be public roads which may be opened by the county board whenever the public good requires it. Comp. St., ch. 78, sec. 46. This provision is by construction a part of the contract under which plaintiff acquired title to his lands. A court of equity should not hold, contrary to a specific legislative enactment, that a section line, when regularly opened and improved for public travel, is not a highway. The county board is not required to open at one time, pursuant to a single order, a section-line road a mile or more in length. Expensive bridges may be required at different places. The damages and the cost of construction are burdens which may properly be assumed at different times. Next year, or at some later time, the county board may, in its discretion, extend the road in controversy until it connects with another public highway on the west. Under the statute and the decisions the law is: "The propriety or necessity of opening and working a section-line road is committed to the discretion of the county board, and its decision is not subject to review." *Howard v. Supervisors*, 54 Neb. 443. The only limitation upon the discretion of the county board in respect to opening section-line roads is the fundamental one of compensation for private property taken or damaged. *Rose v. Washington County*, 42 Neb. 1. The county board's power and discretion having been thus determined, the following language from a text-book correctly states the rule applicable to the present controversy: "County commissioners having authority to establish highways may, in a proper case, establish a highway which is a *cul-de-sac.*" 1 Elliott, Roads (3d ed.) sec. 2.

Plaintiff, under his own petition, is not entitled to an injunction, and his case was properly dismissed.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.