NICHOLAS WECKER, APPELLANT, V. RUDOLPH DOMMER,
APPELLEE.

FILED FEBRUARY 12, 1915.   No. 17,985.

1. **Highways:** ESTABLISHMENT: PRESCRIPTION. The rule that "to estab-
lish a highway by prescription there must be a continuous user
by the public under a claim of right * * * for a period equal
to that required to bar an action for the recovery of title to land"
applies in establishing a highway by prescription alone. When
the proper authorities have attempted to establish a highway,
proceeding under the statute, and the owners of the land affected
have acquiesced therein, if the authorities have exercised some
jurisdiction over the road by building necessary bridges or culverts
to facilitate its use by the public, and it has been so used as a road
for more than ten years, the rule is not applied with strictness.

2. ——: ——: EVIDENCE. The fact that a creek crossing the al-
leged public road is not bridged, and travel must go upon adjoin-
ing lands in order to cross the creek, is a circumstance tending to
show that the road is not a public highway, but the fact that the
authorities have neglected to make the creek passable on the line
of the alleged road is not of controlling importance, especially
when the owners of adjoining lands make no objection to the use
thereof for such purpose.

3. ——: ——: ——. The evidence indicated in the opinion is
found sufficient to support the decree.

APPEAL from the district court for Pierce county: ANSON
A. WELCH, JUDGE. *Affirmed.*

*O. S. Spillman* and *M. H. Leamy,* for appellant.

*C. H. Stewart, contra.*

SEDGWICK, J.

The plaintiff is the owner of the west half of the south-
west quarter of a section of land in Pierce county. The
defendant is road overseer, and was proceeding to remove a
fence which the plaintiff had placed on the section line
between his 80 and section 20 on the south, on the theory
that it obstructed the public road. The dispute is as to
whether there is a public road running east and west be-

tween sections 17 and 20. The plaintiff brought this action in the district court for Pierce county to restrain the defendant from removing the fence. The defendant by answer and cross-petition asked that plaintiff be enjoined from obstructing the road. The trial court found the issues in favor of the defendant, and dismissed the plaintiff's case, and enjoined plaintiff as prayed in defendant's cross-petition, and plaintiff has appealed.

There is evidence in the record as to the use of this road by the public for more than 20 years. The plaintiff cites *Lewis v. City of Lincoln*, 55 Neb. 1, in which it was said: "To establish a highway by prescription there must be a continuous user by the public under a claim of right, distinctly manifested by some appropriate action on the part of the public authorities, for a period equal to that required to bar an action for the recovery of title to land." He also cites other similar decisions. This rule applies when it is attempted to establish a highway by prescription only. When there has been an attempt by the public authorities to open a road, and pursuant thereto the public, supposing that the road has been established by regular proceedings, have used it as a public road for so long a period, that rule is not applied with such strictness. In such case any attempt of the authorities to improve the road with the knowledge of the adjacent landowners, and without objection on their part, is important in determining whether the public has used the road under claim of right.

It appears that a petition was filed with the county board asking for the opening of a road on the section line, commencing at the southwest corner of section 17, and running thence along the section line five miles east. The county commissioners' record and evidence show that in December, 1882, this petition "was granted as prayed for." This plaintiff was then one of the three county commissioners, and it appears that a short time afterwards he built a fence along the south side of his land about two rods north of the section line. This fence appears to have remained in that position until about five or six years be-

fore the trial in the lower court, at which time the plaintiff appears to have removed the fence to the section line. This new road which the county commissioners attempted to authorize was used more or less as a public road, although not very extensively, until the plaintiff's fence was removed to the section line. There was a creek crossing the section line at or near the southeast corner of the plaintiff's land, which appears to have been impassable at that point. It was necessary to drive north for about a quarter of a mile and cross this creek at a ford and then return to the section line road. For more than 20 years after the attempt to establish this road there appears to have been no objection made by the landowners to this deviation from the section line. At the time of the trial there had been fences built so that it was necessary to open several gates in crossing the fields to this ford and returning to the road. Not long after the order of the commissioners referred to, there was a bridge or culvert built to connect this road with the main thoroughfare running north and south at the west end of the road. There was evidence that this was done by the public authorities for the purpose of connecting this new road with the main thoroughfare. The plaintiff testified that a neighbor who was interested in this new road was, with several others, building this bridge, and that this neighbor told the plaintiff that he was "working the county commissioners" to get the lumber for the bridge or culvert, and that he must not say anything about it. This neighbor died before the trial of this action, and if such evidence was competent it fails to overcome the positive testimony of witnesses that this work was done by public authorities.

We cannot attempt a complete analysis of the evidence in this case in regard to the use of this road, but it seems clear that at the time the action was taken by the county authorities it was considered by the authorities, and by the public generally, that the road had been opened and had become a public highway. It must have been so considered by the plaintiff himself, as he was not only a member of the board of county commissioners at the time, but also

built his fence in accordance with the accepted theory that the road had been opened, and the fence remained in that position for about 20 years. The fact that the creek was not passable at the place where the road crossed the section line, and that no crossing was constructed by the authorities, is perhaps a circumstance which might tend to show that it was not regarded as a public road if the evidence was otherwise doubtful; but the fact that the public authorities neglected to bridge this creek, and so made it necessary to trespass upon private lands, is not of controlling importance, especially since the owners of the land made no objection.

The evidence appears to be sufficient to support the decree, and the judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., LETTON and FAWCETT, JJ., not sitting.