CORNELIUS DELOUGHERY, APPELLANT, V. JAMES J. LAPSLEY ET AL., APPELLEES.

FILED APRIL 10, 1923. No. 22356.

1. **Highways:** ESTABLISHMENT BY CONSENT. Consent roads cannot be established under section 2598, Comp. St. 1922, unless "the written consent of all the owners of the land to be used for that purpose be first filed in the county clerk's office."

2. ———: ———. The mere signing and filing of a petition for the establishment of a road by a landowner, a portion of whose land will be taken for the highway if it be established, is not sufficient to constitute the "written consent" required by the statute for the establishment of a road by consent, and in such case proceedings under sections 2568 and 2590, Comp. St. 1922, are required.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*C. A. Kingsbury* and *Sidney T. Frum,* for appellant.

*George W. Leamer, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and DEAN, JJ., BUTTON, District Judge.

LETTON, J.

Relator seeks a peremptory writ of mandamus commanding the board of county commissioners of Dakota county to order an appraisal of damages to land affected by the establishment of a certain alleged highway, and to order the highway opened and placed in condition for public travel. A general demurrer to the petition was sustained, and the proceedings dismissed. Relator appeals.

It is alleged that relator filed a petition for the location of a highway with the county clerk, signed by himself and 26 resident electors residing within five miles

of the proposed highway; that the plaintiff and Frank Davey are the owners of all the real estate over and along which the proposed highway was established; that they both signed the petition; that the board of county commissioners, while in legal session, ordered that this road be "allowed as per petition on file, damages to be appraised." It is also alleged that the board refused to order an appraisement of damages, or to open the road, as requested.

There are two methods provided by statute for the establishment and opening of public roads. One is by filing with the county clerk a petition signed by at least ten electors residing within five miles of the road, the deposit of money with that office to cover the expenses if the road is not finally established, a view and report by the county surveyor, if the report is favorable notice by personal service upon owners of land affected, and by publication of the time within which objections and claims for damages must be filed. Section 2568 *et seq.,* Comp. St. 1922.

The other method of establishing a road is as follows: "Public roads may be established without the appointment of a commissioner, provided the written consent of all the *owners of the land to be used for that purpose* be first filed in the county clerk's office; and if it is shown to the satisfaction of the county board that the proposed road is of sufficient public importance to be opened and worked by the public, they shall make an order establishing the same, from which time only shall it be regarded as a public road." Comp. St. 1922, sec. 2598. This section is a little ambiguous. It may be construed to mean that its only purpose was to dispense with the appointment of a commissioner (which was required before the amendment to section 2568, making the county surveyor commissioner), and yet retain all the other requirements of the statute, such as service of notice, filing of claims and objections, appraisement of damages, and hearing. It may, however,

be construed as providing a means for making the establishment of roads by dedication a matter of public record. The provision that "the written consent of all the owners of the land to be used for that purpose" must be filed before the road is established evidently means consent to the use of the land for the highway, as well as consent to the establishment of the road. There is a distinction between the signing of a petition for the establishment of a road and the filing of a written consent of the owners of the land to be used for the purpose. A landowner may be willing to sign a petition to have the road established, and yet be unwilling to waive damages and dedicate his land to the use of the public for a highway.

In *Warren v. Brown*, 31 Neb. 8, the facts were that a county board had made an order establishing a road. No commissioner was appointed, no notice given, and no damages appraised. It was urged that the road was established by consent, but the court said, speaking of the owners of the land sought to be taken for highway purposes: "They did not sign the petition or application made to the board for the establishment of the road, nor did they file in the county clerk's office written consent that their land might be appropriated for that purpose. The filing of such written consent was necessary to confer jurisdiction upon the county board to establish a consent road. Without it their proceedings are a nullity." It was held that the county board had no jurisdiction to establish a public road when no commissioner had been appointed to examine into and report upon its expediency, unless the written consent of all the landowners whose land was sought to be taken for that purpose was first filed with the county clerk.

This construction of the statute was made over 30 years ago and has been largely followed by county authorities. The requisite proceedings for the establishment of a consent road not having been had, the county

board was justified in its refusal to accede to the request
of relator.

AFFIRMED.