JOHN W. MOSIER, APPELLANT, V. A. H. HERMAN, APPELLEE.

FILED MARCH 18, 1925.   No. 23038.

1. **Highways: ESTABLISHMENT.** A board of county commissioners may, without petition or notice, make a preliminary order establishing a section line road, by declaring that it shall be opened; but before it can be actually opened there must be proceedings upon proper notice to ascertain damages. *Barry v. Deloughrey*, 47 Neb. 354.

2. ———: ———. *Held*, in this case, that the proceedings of the county commissioners were not effectual to establish the public road claimed by the appellee.

3. ———: ———: USER. The fact that the county goes upon the land of an owner and uses it for a road, by the passive permission of said owner or without his knowledge, is not sufficient, even though the county commissioners have without jurisdiction declared the road established by consent, to secure said land for said road, unless the user has been for the prescriptive period.

4. ———: ———: PRESCRIPTION. *Held*, in the instant case, that the evidence is insufficient to show the establishment of a public road by prescription.

APPEAL from the district court for Banner county: RALPH W. HOBART, JUDGE. *Reversed, with directions.*

*R. O. Canaday, C. G. Perry* and *B. R. Coulter*, for appellant.

*O. A. Torgerson, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

Plaintiff, Mosier, owns substantially three quarter sections of land lying on the east side of sections 22 and 27, township 19, range 53, in Banner county. His east fence stands practically on the section line dividing 22 and 27 on the west from 23 and 26 on the east. The road overseer, A. H. Herman, was proceeding to remove the fence, on the theory that it occupied a public road. Plaintiff brought this action to enjoin him. Decree was entered in the district court denying the injunction, and plaintiff appeals; assigning that the court erred, (1) in holding the proceedings of the county commissioners were sufficient to establish a road; (2) in holding that the fence was on the road established, if the road was established; and (3) in holding that the road had not been abandoned.

All that the county records show as to the proceedings of the county commissioners is stipulated as follows:

"Office of County Commissioners. * * * July 1, 1889, * * * Board met pursuant to adjournment. All members present. * * * The following consent road was established, said road commencing at the southeast corner of section fifteen, township nineteen, range fifty-three, running thence south on section line four miles."

This is not enough of itself to establish a road. It is true that, in establishing a road on a section line, neither a petition nor a record that the board found that the public good required the road is necessary. *Howard v. Brown,* 37 Neb. 902; *Barry v. Deloughrey,* 47 Neb. 354. But even in such a case there must be notice and proceedings with respect to damages. "The county board may, without petition or notice, make a preliminary order establishing a section line road, by declaring that it shall be opened; but before it can be actually opened there must be proceedings upon proper notice to ascertain damages." *Barry v. Deloughrey, supra.* So much appears to be jurisdictional in the absence of written consent or dedication by deed.

In the instant case the order made can be regarded as no more than a preliminary order. The burden of proof was upon the county, and consequently upon the defendant or appellee, to prove the additional proceedings necessary to really establish and open the road in question. *Henry v. Ward,* 49 Neb. 392; *Van Wanning v. Deeter,* 78 Neb. 284; *Postal v. Martin,* 4 Neb. (Unof.) 534. In the first of the above cases, which contains a valuable discussion of the effect of the act of 1879 on all previous acts with respect to roads of this character, Commissioner Irvine laid down the doctrine which has been subsequently followed in this state. He said:

"Under the present law (Compiled Statutes, ch. 78; Session Laws, 1879, p. 120), all section lines are declared to be public roads, but they cannot be opened as such, nor can lands be appropriated therefor, until the steps provided by statute have been taken for opening such roads and ascertaining the damages."

We are convinced, therefore, that the proceedings of the county commissioners were not effectual, in and of themselves, to establish the public road claimed by the appellee.

It follows that, if the section line in question ever was opened and became a county road, it was by consent or dedication. It must be conceded that where the county has made an attempt to establish, however irregular, and such attempt has been followed by an opening and using of the road contemplated, with the knowledge and consent of the adjoining landowners, the courts of Nebraska have been exceedingly loath to deny the existence of the road as a public road. But in no case, so far as the writer has been able to discover, has the property of a landowner been taken without compensation, unless there was an actual user for the prescriptive period. In the case of *Wecker v. Dommer,* 97 Neb. 728, Judge Sedgwick did, indeed, stress the fact that an attempt to establish a highway by prescription is greatly aided when the proper authorities have taken steps to establish such highway. But in that case the significant fact shown by the evidence was that the adjoining owner had set back his fence in such wise as to indicate his intention to dedicate a portion of his land to the road contemplated. And the language quoted from *Anderson v. Nelson,* 86 Neb. 752, if a proper statement of the law at all, was unnecessary to the decision of the case, and could only be proper as applied to the peculiar facts of that particular case.

The evidence in the case at bar shows that many years ago, about 1892, a bridge was built across a small stream on the section line in question; and that this bridge was constructed by settlers who cut and hauled posts from the hills, and did the work of setting them, the county commissioners furnishing the planking. This bridge was washed out within a year or two thereafter, and from that time the travel went far east of the section line to cross the creek upon a dam, and then proceeded entirely upon the east side of the fence, which was, as has been stated, upon the section line. It appears also that in 1918 the fence was torn down at the intersection of the line with the stream, and the bridge re-

paired or rebuilt. But this was without the knowledge of the plaintiff and appellant, and the repaired bridge was washed out almost immediately. It is quite obvious from a reading of the record that no consent or dedication of the plaintiff's land, either by himself or by his grantees, was ever given or made; and that if any right to travel along the section line was acquired by prescription it was on the land of adjoining owners to the east. The building of the bridge is doubtless relied upon by the appellee as an evidence of dedication or consent on the part of the owners of the Mosier land. But, as held in the *Postal* case, *supra*: "The passive permission by the owners of lands of the use of them by the public is not alone evidence of an intent to dedicate them to such use." The bridge was evidently a very small affair, It was not maintained. There is some further evidence that the county was undertaking to use the land in question, but not much, and of very unsatisfactory character, as, for instance, the testimony of the old county commissioner, who could not remember, but who concluded that everybody interested was satisfied in regard to the fact.

In order to find that Mosier or his grantees made a valid dedication of the land involved for the purposes of this public highway, it must appear clearly from the proofs that a dedication for that purpose was intended by the owner, and that the public accepted by user or otherwise. In the matter of dedication of land for a road, the rule is that the owner must absolutely intend to dedicate it, or must abandon it or set it over to the public use. *Close v. Swanson*, 64 Neb. 389.

The court concludes that the case at bar is ruled by the decision in *Scotts Bluff County v. Tri-State Land Co.*, 93 Neb. 805, which will be found to be in consonance with the views hereinbefore expressed. In that case the court said, after an extended discussion of the statutory law and of the decisions upon the subject, that a county which attempts to open a public road on a section line without giving notice or fixing a time for a hearing on the landowner's claim for

damages, and without paying or providing for the payment of such damages, is no more than a trespasser. Holding, as we do, that no right was acquired by user or by dedication upon the land belonging to the plaintiff, we must adhere to the established doctrine, and decide that the district court was in error in its findings and decree, and that its judgment must be reversed.

Reversed and remanded, with instructions to enter a decree in accordance with this opinion.

REVERSED, WITH DIRECTIONS.