TED BREDEHOFT ET AL., APPELLANTS, V. COUNTY OF PLATTE, STATE OF NEBRASKA, A CORPORATION, APPELLEE.

94 N. W. 2d 18

Filed January 9, 1959. No. 34484.

*Wagner, Wagner & Conrad,* for appellants.

*C. Thomas White* and *Daniel B. McNair,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This case originated on a claim for damages filed

with the board of county supervisors of Platte County allegedly resulting from the widening of a county road to a width of 66 feet. The county by its answer asserted its right to the 66 feet without paying additional damages for its taking. The trial court found that the county was entitled to the full 66 feet and denied damages for the widening of the road to its full width. A judgment was entered also for damages to plaintiffs' lands for $250 resulting from the improper construction of the road. Error is not assigned in the granting of the $250 judgment. The only issue raised by the appeal is the correctness of the holding that the county was entitled to construct a 66-foot road on the highway involved without the payment of additional damages to the plaintiffs.

The plaintiffs were the owners of real estate adjoining the section-line road here involved. The evidence shows that in July 1895 the county road in question was established. The width of the road was not set out in the proceedings. Under the controlling statute in existence at that time all public roads were required to be 66 feet wide. Comp. St. 1895, § 4509. The regularity of the proceedings opening the road in 1895 is not here questioned. It is the contention of the plaintiffs that the record and memoranda on file with the county clerk of Platte County show that the county paid adjoining landowners for a 33-foot road only, and that adjoining landowners are entitled to compensation for the additional land taken and damages resulting to the remaining lands because of such further taking.

The evidence shows that the road used since 1895 and prior to the construction of the 66-foot road in 1957 was from 33 to 40 feet wide on the basis of the fences which appear to have been continuously maintained since 1895. We do not deem the location of the fences to be material since the plaintiffs could acquire no prescriptive right against the county.

The case is controlled by our decision in Taylor v.

Austin, 83 Neb. 581, 119 N. W. 1123, wherein we said in a similar case: "It is conceded that a portion of the land claimed as a highway has been inclosed by the plaintiff and her grantors for 20 years or more, and this fact, if the road had not been legally established, and the county was claiming only a prescriptive right, would entitle the plaintiff to hold the part so inclosed as her absolute property. While the width of the road was not designated in the petition therefor, nor in the report of the commissioners establishing the same, the statute at that time required that all public highways should be .66 feet in width, and, as this highway was regularly established and has been in use by the public since 1869, it must be conclusively presumed that it was established as a legal road 66 feet in width; and the fact that it has not been worked or used to its full width, and that some portion of it has been inclosed by the plaintiff, does not vest her with any title thereto, as title by prescription cannot be obtained to a public highway."

It is conclusively presumed therefore that the county established a road 66 feet in width in 1895. When plaintiffs' predecessors in title accepted the compensation for the land taken and damages to the remaining lands, the taking of the section-line road 66 feet in width became complete.

The plaintiffs argue that the records and memoranda found in the files indicate that the damages paid were calculated on a basis of a 33-foot road. Assuming the correctness of this contention, it cannot aid the plaintiffs. If plaintiffs' predecessors in title were dissatisfied with the compensation tendered, their remedy was to appeal. Plaintiffs cannot go behind the compensation paid, even if it was calculated on a basis not now acceptable. All the parties are conclusively presumed to know that the road taken was 66 feet in width when a lesesr width was not specified in the proceedings establishing the road. Anderson v. Nelson, 86 Neb. 752, 126 N. W.

314. Since plaintiffs' predecessors in title accepted the damages as fixed by the appraisers, plaintiffs are foreclosed from claiming any further damages for the 66-foot road taken in 1895. There can be but one recovery for the lands taken and damaged.

The trial court arrived at the same conclusion. The judgment of the district court is affirmed.

AFFIRMED.