County of Banner, a political subdivision of the State of Nebraska, appellant, v. Shaw Young et al., appellees.

169 N. W. 2d 280

Filed June 27, 1969. No. 37182.

Robert G. Simmons, Jr., for appellant.

William H. Heiss and Byron M. Johnson, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is a declaratory judgment action brought by the County of Banner to determine whether a road 2 miles long legally exists. At the close of plaintiff's evidence the trial court determined the proof to be insufficient to show the existence of a valid public road, and dismissed the action.

The minutes of the meeting of the board of county commissioners of Banner County, Nebraska, for July 2, 1889, state in part as follows: "The following consent roads were established, first road commencing at the South east corner of section 36, tp. 17, R. 54, and running due north 15 miles to the north east corner of section 24, Tp. 19, R. 54. Said road being all on

range line between ranges 53 and 54 and intersecting county road as now laid out on said range line."

The county clerk, who was the custodian of the official records of Banner County, testified that he was unable to find any further record pertaining to this road. He also testified that he was unable to find any records concerning road matters other than the commissioners' minutes, prior to 1920.

On July 2, 1889, the title to all of the lands over which the alleged road passes was in the United States of America, but there was no evidence on whether it was reserved for public use or whether any of it was occupied by entrymen who later obtained patents. Other than the minutes referred to above, there is not one iota of evidence to show any road ever existed, or that a road was ever actually laid out, used, or maintained. The county clerk testified that payment of bills is shown in the commissioners' minutes, but he could find no record of payments of any nature for the alleged road.

Chapter 78, section 37, page 631, Compiled Statutes, 1887, provides as follows: "Public roads may be established without the appointment of a commissioner, provided the written consent of all the owners of the land to be used for that purpose be first filed in the county clerk's office; and if it is shown to the satisfaction of the county board that the proposed road is of sufficient public importance to be opened and worked by the public, they shall make an order establishing the same, from which time only shall it be regarded as a public road." This section, adopted in 1879, remained in our statutes unchanged until repealed in 1957, when the county road law was recodified.

Appellant county's argument herein is two fold: Either the land in 1889 was public land, or it was private land. If the land involved was public land, the county contends the road was established by virtue of the federal and state statutes; if the land was private land, the

county contends the minutes import absolute verity and establish the road as a consent road.

Appellant seeks to distinguish the instant case from Mosier v. Herman, 113 Neb. 318, 202 N. W. 875. That case is also from Banner County and involved an identical entry made the day before the one herein, for an alleged road within approximately 6 miles of the instant one. The following from that case is pertinent herein: "All that the county records show as to the proceedings of the county commissioners is stipulated as follows: 'Office of County Commissioners. * * * July 1, 1889, * * * Board met pursuant to adjournment. All members present. * * * The following consent road was established, said road commencing at the southeast corner of section fifteen, township nineteen, range fifty-three, running thence south on section line four miles.'

"This is not enough of itself to establish a road. It is true that, in establishing a road on a section line, neither a petition nor a record that the board found that the public good required the road is necessary. Howard v. Brown, 37 Neb. 902; Barry v. Deloughrey, 47 Neb. 354. But even in such a case there must be notice and proceedings with respect to damages. 'The county board may, without petition or notice, make a preliminary order establishing a section line road, by declaring that it shall be opened; but before it can be actually opened there must be proceedings upon proper notice to ascertain damages.' Barry v. Deloughrey, supra. So much appears to be jurisdictional in the absence of written consent or dedication by deed.

"In the instant case the order made can be regarded as no more than a preliminary order. The burden of proof was upon the county, and consequently upon the defendant or appellee, to prove the additional proceedings necessary to really establish and open the road in question. Henry v. Ward, 49 Neb. 392; Van Wanning v. Deeter, 78 Neb. 284; Postal v. Martin, 4 Neb. (Unof.) 534. In the first of the above cases, which contains a

valuable discussion of the effect of the act of 1879 on all previous acts with respect to roads of this character, Commissioner Irvine laid down the doctrine which has been subsequently followed in this state. He said:

" 'Under the present law (Compiled Statutes, ch. 78; Session Laws, 1879, p. 120), all section lines are declared to be public roads, but they cannot be opened as such, nor can lands be appropriated therefor, until the steps provided by statute have been taken for opening such roads and ascertaining the damages.'

"We are convinced, therefore, that the proceedings of the county commissioners were not effectual, in and of themselves, to establish the public road claimed by the appellee."

.The county clerk testified he was unable to find anything pertaining to the lands in question other than receiver's receipts, patents, deeds, etc. However, he did not testify that the road records had been lost or destroyed, but merely that he was unable to find any prior to 1920. No attempt was made to determine the existence of the road plat-book which the county clerk was required to keep, or to ascertain if he had checked that record.

Chapter 78, section 28, page 630, Compiled Statutes, 1887, provided for a road record and required that any order made or action taken in the establishment of a road should be entered in that record. Chapter 78, section 29, page 630, Compiled Statutes, 1887, provided that after a road had been established, the plat and field notes must be recorded by the county clerk.

Chapter 78, section 45, page 632, Compiled Statutes, 1887, provided as follows: "If the same has not been heretofore done in any other manner, the county clerk shall, within six months after this act shall take effect, cause every road in his county, the legal existence of which is shown by the records and files in his office, to be platted in a book to be obtained and kept for that purpose, and known as the 'road plat-book.' Each town-

ship or precinct shall be platted separately, on a scale of not less than four inches to the mile; and *such clerk shall have all changes in or additions to the roads legally estab-, lished immediately entered upon said plat-book,* with appropriate references to the files in which the papers relating to the same may be found." (Italics supplied.)

Since 1879 the county clerk has been required to keep a road plat or record book. The present statute is section 23-1305, R. R. S. 1943.

In Warren v. Brown, 31 Neb. 8, 47 N. W. 633, this court held the filing of a written consent was necessary to confer jurisdiction upon the county board to establish a consent road. This is a condition precedent to the establishment of such road. Without it, the proceedings are a nullity. Deloughery v. Lapsley, 110 Neb. 105, 193 N. W. 109.

We have said many times that to determine the question whether or not a highway has been established the court is required to examine the proceedings had to determine if the jurisdictional requirements necessary for that purpose have been met. If they have not been met, the right does not exist and lapse of time will not supply the defect. See Kunz v. Bornemeier, 170 Neb. 463, 102 N. W. 2d 842.

Appellant argues that the consent entry imports absolute verity because in the absence of evidence to the contrary it may be presumed that public officials faithfully performed their official duties as required by law. Ludwig v. Board of County Commissioners, 170 Neb. 600, 103 N. W. 2d 838.

The difficulty with that contention herein, even if we assume the precedent jurisdictional steps were taken, is that other than the mere entry that a consent road was established, there is no proof of any nature that action to effectuate that entry was ever taken. This entry, standing alone, is not sufficient of itself to establish a road. Mosier v. Herman, 113 Neb. 318, 202 N. W. 875.

Chapter 78, section 37, page 631, Compiled Statutes, 1887, is a little ambiguous. For the purposes of this case, we interpret the written consent required by it to mean a consent to the use of the land for the highway as well as consent to the establishment of the road, but hold that an acceptance other than the mere entry involved herein must be shown.

Chapter 78, section 29, page 630, Compiled Statutes, 1887, charged the county clerk to direct the road overseer of the district through which the road passed to have the same opened and worked. There is no evidence in this record that a road was ever laid out pursuant to the entry, and if it was laid out there still would be the question as to whether or not it had ever been used.

Chapter 78, section 4510, page 996, Compiled Statutes, 1899, provided as follows: "All roads within this state which have been laid out in pursuance of any law of this state, or of the territory of Nebraska, and which have not been vacated in pursuance of law, are hereby declared to be public roads; Provided, that all roads that have not been used within five years shall be deemed vacated."

In Warren v. Brown, 31 Neb. 8, 47 N. W. 633, this court held: "Where the acts of the owner of the land are relied on to establish a dedication of land for the purpose of the public road, an acceptance of the same by the public must be proven."

In Close v. Swanson, 64 Neb. 389, 89 N. W. 1043, it was held: "To constitute a valid dedication of private property for a public highway, it must clearly appear that the owner intended to dedicate the land for a highway, and that the public by user or otherwise accepted the land for that purpose." We apply the same criterion to a consent dedication. We determine that it was necessary for the appellant herein to prove the acceptance of the land for highway purposes by proving that a road was opened or used. Until it is opened or used by the public it is not finally established.

Appellant asserts that the lands in question in 1889 were a part of the public domain. On July 26, 1866, section 2477, United States Revised Statutes, which is now Title 43, U. S. C. A., section 932, page 265, became operative. That section reads: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." This statute was a standing offer of a free right-of-way over the public domain, and when accepted in an appropriate manner established a right-of-way. Eldridge v. Collins, 75 Neb. 65, 105 N. W. 1085.

Laws 1879, section 46, page 130, accepting the grant provided by the Act of Congress of 1866, specifically refers to the landowner's right to recover damages for the opening of public roads on section lines in this state. Scotts Bluff County v. Tri-State Land Co., 93 Neb. 805, 142 N. W. 296.

The statute of 1866, however, was only operative if the land had not been reserved for public use or entered by homestead entrymen. In Holt v. Murphy, 207 U. S. 407, 28 S. Ct. 212, 52 L. Ed. 271, we find the following: "* * * whenever an entry has been made of a tract of land that tract is segregated from the mass of public land subject to entry until the existing entry is disposed of." There is no evidence in this record as to when the certificates of entry or patents were filed or whether there were entrymen on the land in 1889.

Appellant argues that if the land was a part of the public domain, the consent entry by the board was sufficient to show an appropriate acceptance. The weakness of that position is the necessary proof that the land was available for such acceptance. In other words, that it was not reserved for public use or that there was no entryman on it. On the question of acceptance, appellant cites Streeter v. Stalnaker, 61 Neb. 205, 85 N. W. 47. That case held: "Evidence of long continued use by the public tends to show the establishment of a road by dedication over the public domain. So also does the

surveying, marking out, platting and improving of a road by the public authorities." None of these are present in this record.

The appellant in bringing this declaratory judgment action has assumed the burden of proving that the road in question legally exists. Generally, the burden of proving an issue lies on the party holding the affirmative of that issue. Henry v. Ward, 49 Neb. 392, 68 N. W. 518. Regardless of whether the land in question in 1889 was a part of the public domain or subject to individual rights, plaintiff has not met the burden of proof necessary to show the alleged road legally exists.

The judgment of the district court dismissing the proceeding is correct and is hereby affirmed.

AFFIRMED.

BOSLAUGH and NEWTON, JJ., concurring.