STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT,
v. LESLIE M. PARKS ET AL., APPELLEES.

178 N. W. 2d 788

Filed July 24, 1970. No. 37378.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and Dale L. Babcock, Jr., for appellant.

Sidner, Svoboda & Schilke, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

WHITE, C. J.

The dispute in this case focuses upon the question of title to the north 33 feet of land included in the south 66 feet of the southwest quarter of the southwest quarter of Section 12, Township 17, Range 8 East of the 6th P.M., in Dodge County, Nebraska. The State seeks to enjoin the appellees from utilizing the disputed tract, claiming that it constitutes part of the right-of-way adjacent to U. S. Highway No. 30, and to restrain the appellees from interfering in any manner with the use of said right-of-way. The district court ruled that the north right-of-way line was parallel to and 33 feet north of the centerline of highway 30, and enjoined the State from interfering with the appellees' land, unless through appropriate proceedings. Appellees concede a right-of-way extending 33 feet north of the centerline of the highway, but insist that this is the extent of said right-of-way. We must determine from what point the right-of-way is measured and second, the extent of that right-of-way. It is readily apparent that no one, including the State and county officials, knew precisely what the answers to these two questions were until 1960 or 1961. Sometime during one of those years a record was disclosed showing a county consent road fixed by Dodge County in 1882. Appellees' witness, Mr. Lind, testified that the records had been lost due to a courthouse disaster, and it had taken him several years to compile all of the records. Mr. Lind had been the county surveyor from 1950 to 1962 and was called upon to survey the land in question on several occasions. All surveys were taken prior to the discovery of the consent, the record in question.

Exhibit 11 is a consent petition filed April 12, 1882, at the bottom of which appears six names. The law in effect at the time this petition was filed provided in part: "Public roads may be established without the appointment of a commissioner, provided the written consent of all of the owners of the land to be used for that purpose

be first filed in the county clerk's office; and if it is shown to the satisfaction of the county board that the proposed road is of sufficient public importance to be opened and worked by the public, they shall make an order establishing the same, from which time only shall it be regarded as a public road." Laws 1881, c. 78, § 37, p. 443. We have recently had occasion to interpret this same statutory provision. See County of Banner v. Young, 184 Neb. 546, 169 N. W. 2d 280 (1969). In that case we affirmed the rule set forth in Warren v. Brown, 31 Neb. 8, 47 N. W. 633 (1890), which held that the filing of a *written consent* was necessary to confer jurisdiction upon the county board to establish a consent road. If the jurisdictional requirements have not been met, the right to a highway will not exist, and lapse of time will not cure the defect. Under County of Banner v. Young, *supra*, the jurisdictional inquiry is two-fold: Whether there was a valid consent to the use of the land, and whether there has been an acceptance of that land as such, other than the mere entry upon the plat book.

Authenticity of this document is controlled by the ancient document rule. That rule states that a document which appears to be at least 30 years old, found in proper custody, appearing unblemished by alterations, and is otherwise free from suspicion, is admissible in evidence without direct proof of its execution, on the theory that, under such circumstances, the instrument proves itself, or that its due execution is presumed. Worm v. Crowell, 165 Neb. 713, 87 N. W. 2d 384 (1958); Anderson v. Anderson, 150 Neb. 879, 36 N. W. 2d 287 (1949); 32A C. J. S., Evidence, § 744, p. 32. Ordinarily the rule only allows receipt of a document; however, it may be admitted in evidence as proof of the facts recited therein, provided that the writers would have been competent to testify to such facts. In this case the writers would have clearly been able to testify to the facts recited in the document.

Appellees, while conceding the existence of a roadway,

contend that the ancient document rule does not apply to this instrument. The names "Morse" and "Hamann" appear on the face of the consent petition. Appellees argue that in 1882, record title to the disputed property was in Edward N. Morse and John F. Hamann as tenants in common; since the signatures of these two individuals do not appear on the petition itself, the document shows on its face that it is invalid. Appellees rely on the case of Warren v. Brown, *supra,* which held that the failure of an owner to sign the consent petition invalidated the consent required to effect a dedication. However, in that case certain owners had not signed at all, that is, their names nowhere appeared on the petition or on the record. In the instant case, the names "Morse" and "Hamann" do appear signed on the face of the document itself. Were we to adopt appellees' theory, that the petition is invalid unless the full signature appears on its face, we would emasculate the purpose of the ancient document rule. That rule is adopted for common convenience, founded upon the great difficulty, or the impossibility, of proving due execution of an instrument after an interval of many years. This case is completely different from Warren v. Brown, *supra,* where the necessary signatures did not appear on the document at all. We hold that the ancient document rule authenticates the consent petition filed in this case, and that its due execution is presumed.

Under the test of County of Banner v. Young, *supra,* it must be determined whether the public, by user or otherwise, accepted the land for the purpose of a public road. The burden lies upon the appellant to prove the acceptance of the land for highway purposes by proving that a road was opened or used. Although the record is silent as to whether the road was actually "used by the public generally" beween 1882 and 1903, in the latter year a tax plat was filed with the county clerk of Dodge County which expressly shows a county road of the description found in the original consent petition.

This is some evidence that the road was actually in use up to and including 1903. Further evidence was adduced from one of the appellees' witnesses that the road was being "used by the public generally" since his childhood days, which would have been somewhere around 1907 and 1908. This fact would seem to further indicate that the road was being used by the public without objection by the owners of the land involved herein. These factors strongly suggest that there had been acceptance of this land for the purpose of a public roadway.

Once the jurisdictional issue has been resolved under County of Banner v. Young, *supra,* then the validity and regularity of the consent road are to be presumed after 10 years. In City of Beatrice v. Black, 28 Neb. 263, 44 N. W. 189 (1889), this court held that: "If a petition is duly presented to the proper tribunal praying for a public road from one point to another in the county and such petition is granted and the road located and opened for travel and is used by the public generally, the right in the public will become complete after ten years and the court will not look at the original proceedings to determine the validity of the road *but to ascertain the extent of the location.*" (Emphasis supplied.)

The petition provided in part: "We the undersigned * * * do pray and request your Honorable Body to locate and establish a *public road* upon the whole section line between sections twelve (12) and thirteen (13) in township seventeen (17) in Range Eight (8) East in (Dodge) county. *Said road* to be located so that one half thereof shall be on each side of said section line, *except* that all of said road shall be taken off of the South West quarter of the South West quarter of said section twelve (12) * * *." (Emphasis supplied.) Chapter 78, section 2, page 627, Compiled Statutes of 1887, adopted in 1879, provided in part: "All *public roads* shall have a width of sixty-six feet, * * *." (Emphasis supplied.) When the language of the original petition is analyzed, it seems

abundantly clear that the true intent was to establish a public road 66 feet in width, with its southern boundary located on the section line of Section 12. It thus appears that the lower court, in holding that the right-of-way extended only 33 feet north of the centerline of highway 30, was in error, and that the correct right-of-way extends 66 feet north of the south section line of the southwest quarter of the southwest quarter of Section 12.

The fact that this petition was evidently lost due to a courthouse disaster for quite a number of years seems to account for the confusion surrounding the precise location of the highway right-of-way. For example, under a lease dated July 12, 1957, defendants Parks leased this property to Standard Oil which lease recognized that the right-of-way extended a distance of 66 feet north of the south section line of Section 12. A rider was subsequently attached to that lease based upon a 1958 survey instituted at the request of Parks, which showed that the right-of-way was only 33 feet. This survey was instituted after Parks had been informed by the State employees that they did not know precisely where the right-of-way line was and that Parks should get his information from the county. The admitted reason for deferring to the county was that the State did not appear to have any records pertaining to the right-of-way. That situation was changed, however, upon the discovery of the consent petition in either 1960 or 1961.

Other questions are presented and argued in the briefs. In the light of our basic holdings herein, it is not necessary to discuss these questions.

The judgment of the lower court should be vacated, and an injunction granted to restrain the appellees from utilizing the highway right-of-way of the south 66 feet of the southwest quarter of the southwest quarter of Section 12, Township 17, Range 8 East of the 6th P.M., in Dodge County, Nebraska, and to enjoin the appellees

from interfering in any manner with the use of said highway right-of-way.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., dissenting.

The important question in this case is where the right-of-way was located upon the ground. It has long been recognized that it is not essential that a public road be laid out upon the exact lines set out in the petition. State ex rel. Draper v. Freese, 147 Neb. 147, 22 N. W. 2d 556; Richardson v. Frontier County, 94 Neb. 27, 142 N. W. 528.

Willis Lind, the former county surveyer, testified that he had been personally familiar with the area since 1907 or 1908. He testified that when he first knew the area there was no road from Parks' corner to Broad Street, but a fence line that meandered with Rawhide Creek. The road, which is now U. S. Highway No. 30 east of Parks' corner, starting at that corner curved a little to the south until it reached a corner about a quarter of a mile east, and then meandered northeasterly to the section corner. This is the only evidence in the record that describes the road which was laid out upon the ground and used.

The State's claim is founded upon records which were not available until after 1960 or 1961. There is no testimony by any witness which disputes the recollection of Lind as to where the road was actually located.

The trial court found that the north right-of-way line was 33 feet north of the centerline of U. S. Highway No. 30 as now constructed. This finding is fully supported by the record, and the judgment should be affirmed.

McCOWN, J., joins in this dissent.